1  Abraham J. Colman (SBN 146933)
   acolman@reedsmith.com
2  Felicia Y. Yu (SBN 193316)
   fyu@reedsmith.com
3  Raymond Y. Kim (SBN 251210)
   rkim@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone: +1 213 457 8000
6  Facsimile: +1 213 457 8080

7  Attorneys for Defendant
   SANTANDER CONSUMER USA, INC.



FILED
CLERK, U.S. DISTRICT COURT

APR - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  THOMAS VITRANO AND BELINDA       CLASS ACTION
    VITRANO, individually, and on behalf
14  of all others similarly situated,       Case No. **CV13-02492**

15                                          [Removal from Superior Court of
                    Plaintiffs,             California, County of Los Angeles,
16                                          Case No. BC501682]
                    vs.
17                                          **NOTICE OF REMOVAL OF CIVIL**
    SANTANDER CONSUMER USA,                 **ACTION UNDER 28 U.S.C. §§ 1332**
18  INC., and DOES 1 through 50, inclusive, **1441, AND 1446**
    Defendants.
19                                          [Filed concurrently with
20                                          1. Notice of Interested Parties;
                                            2. Notice of Related Cases;
21                                          3. Declaration of Erica Barton;
                                            4. Corporate Disclosure Statement; and
22                                          5. Civil Case Cover Sheet.]

23

24

25

26

27

28

US_ACTIVE-112569678.1-RYKIM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    PLEASE TAKE NOTICE that, pursuant to 28 United States Code §§

2   1332, 1441, and 1446, Defendant Santander Consumer USA, Inc. ("Santander")

3   hereby removes the above-entitled civil action from the Superior Court of the State of

4   California for the County of Los Angeles to the United States District Court for the

5   Central District of California – Western Division, and alleges as follows:

6        1.    On February 25, 2013, Plaintiffs Thomas Vitrano and Belinda

7   Vitrano ("Plaintiffs") filed a putative class action complaint in the Superior Court of

8   the State of California for the County of Los Angeles entitled *Vitrano, et al. v.*

9   *Santander Consumer USA, Inc.*, bearing case number BC501682 in the records and

10  files of that Court (the "Complaint").

11       2.    On March 8, 2013, Plaintiffs served a copy of their Complaint on

12  Santander.  Accordingly, not more than 30 days have passed since Santander received

13  Plaintiffs' Complaint.  28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6.

14       3.    In the Complaint, Plaintiffs allege that Santander violated

15  California Civil Code § 2983.2 by failing to include certain information in its post-

16  repossession Notice of Intention to Dispose of Vehicle.  Based on this allegation,

17  Plaintiffs asserts three causes of action:  (1) violation of the California Rees Levering

18  Act, ("Rees-Levering," the "Rees-Levering Act," or the "Act"), California Civil Code

19  § 2983.2; (2) conversion; and (3) violation of the California Unfair Competition Law,

20  Business and Professions Code § 17200.

21       4.    On April 4, 2013, Santander filed an Answer to Plaintiffs'

22  Complaint in the Superior Court of California generally denying the allegations

23  against it.[1]

24       5.    Copies of all state court process, pleadings, and orders received

25  and/or filed by Santander are attached to this Notice as Exhibit "A" and incorporated

26  herein by this reference.

---

[1] Santander denies Plaintiffs' allegations and denies that the NOI is defective or failed to comply with the Rees-Levering Act or any other statutory requirements.

- 1 -

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

6.      This Court has subject matter jurisdiction over the instant action because:  (1) there is diversity of citizenship between Santander and the named Plaintiffs; (2) the aggregate number of proposed plaintiffs is greater than 100; and (3) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as set forth below:

**Diversity of Citizenship**

7.      Santander is informed and believes, and on that basis alleges, that at the commencement of this action, and at all times herein, Plaintiffs were, and now are, citizens of the State of California.  Compl. ¶ 3.

8.      At the commencement of this action, and at all times herein, Santander was, and now is an Illinois corporation and has its principal place of business in Texas.  Compl. ¶ 4; Declaration of Erica Barton ("Barton Decl."), ¶ 2.

**Aggregate Number of Proposed Plaintiffs**

9.      Plaintiffs filed the Complaint on behalf of themselves and all other persons similarly situated who, among other things, received from Santander a post-repossession Notice of Intention to Dispose of Vehicle ("NOI") who were assessed a deficiency balance.  Compl. ¶ 27.

10.     Based on Plaintiffs' proposed class definition, the aggregate number of proposed plaintiffs who received NOIs from July 11, 2011 to the present and is approximately twelve-thousand, six-hundred (12,600) members.  Barton Decl. ¶ 6.

**Amount in Controversy**

11.     In the Complaint, Plaintiffs allege that Santander violated the Rees-Levering Act because Santander did not include certain disclosures in its NOI. Compl. ¶¶ 23-25.  Plaintiffs assert the Act requires that a creditor send a borrower an NOI containing specific information following the repossession of the borrower's vehicle. *Id.* According to Plaintiffs, if the NOI does not strictly comply with the Act,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  then the borrower is not liable for paying the deficiency balance to the creditor.[2]  *Id.* ¶

2  21.

3       12.    Based on these allegations, Plaintiffs contend that Santander "may

4  not lawfully collect any deficiency balance from any person liable under a Form

5  Agreement" and that Plaintiffs are entitled to restitution of all deficiency balances paid

6  to Santander during the relevant period.  *Id.* ¶¶ 22-32.  In essence, Plaintiffs demand

7  that Santander write-off the total outstanding deficiency balance and refund the total

8  amount of deficiencies collected from Plaintiffs and the putative class members.  *Id.*

9  The total outstanding deficiency balance is approximately seventy-four million dollars

10  ($74,000,000).  Barton Decl. ¶ 6.  The total deficiency balance paid by the putative

11  class members to Santander during the relevant period is approximately four-hundred

12  and fifty-thousand dollars ($450,000).  *Id.*

13       13.    Based on the amount of the total deficiency balance paid to

14  Santander plus the total outstanding deficiency balance which Plaintiffs contend are

15  uncollectible, the aggregate of the monetary and equitable damages sought by

16  Plaintiffs exceed the jurisdictional amount of $5,000,000.

17       14.    The United States District Court for the Northern District of

18  California has original jurisdiction under 28 U.S.C. § 1332 in that diversity of

19  citizenship exists between the named Plaintiffs and Santander, the aggregate number

20  of proposed plaintiffs is greater than 100, and the required amount in controversy

21  exists in this civil action, which may therefore be removed to this Court pursuant to 28

22  U.S.C. § 1441(a).

23       15.    The United States District Court for the Central District of

24  California – Western Division is the proper division to where this matter should be

25  assigned because Plaintiffs' lawsuit is pending in the Superior Court of California,

26

27    2 A "deficiency balance" is the difference between the amount obtained from the post-repossession sale of the vehicle and the remaining balance on the retail installment sale contract following the sale, if the vehicle sold for less than the amount the consumer owed on the contract.

28

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

County of Los Angeles, they are citizens of the State of California, and they claim that "all or some portion of [their] claims arose in Los Angeles County."  Compl. ¶ 8.

WHEREFORE, Santander files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the United States District Court for the Central District of California – Western Division, located at located at 312 N. Spring Street, Los Angeles, California 90012.

WHEREFORE, Santander prays that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED:  April 8, 2013            REED SMITH LLP

                                 By: _____
                                 Raymond Y. Kim
                                 Attorneys for Defendant
                                 Santander Consumer USA, Inc.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT A

1  KEMNITZER, BARRON, & KRIEG, LLP
2  BRYAN KEMNITZER          Bar No. 066401
   NANCY BARRON             Bar No. 099278
3  ELLIOT CONN              Bar No. 279920
   445 Bush St., 6th Floor
4  San Francisco, CA  94108
   Telephone:  (415) 632-1900
5  Facsimile:  (415) 632-1901
6  bryan@kbklegal.com, nancy@kbklegal.com, elliot@kbklegal.com

7  Attorneys for Plaintiffs THOMAS VITRANO AND BELINDA VITRANO and the putative
   class

8

9

10              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 IN AND FOR THE COUNTY OF LOS ANGELES

12

13  THOMAS VITRANO AND BELINDA          Case No.   BC501682
    VITRANO, individually and on behalf of
14  others similarly situated,           CLASS ACTION

15                 Plaintiffs,           COMPLAINT FOR INJUNCTIVE
                                         RELIEF, RESTITUTION, AND
16         vs.                           DAMAGES FOR VIOLATIONS OF THE
                                         REES-LEVERING AUTOMOBILE
17  SANTANDER CONSUMER USA INC.; and     SALES FINANCE ACT, CIVIL CODE
    DOES 1 through 50, inclusive,        §2981, ET SEQ., CONVERSION, AND
18                                       THE UNFAIR COMPETITION LAW,
19                 Defendants.           BUSINESS & PROFESSIONS CODE
                                         §17200, ET SEQ.
20

21                                       Unlimited Civil Case

22

23                                       JURY TRIAL DEMANDED

24  _____/

25         1.      Plaintiffs THOMAS VITRANO AND BELINDA VITRANO, individually and on

26  behalf of others similarly situated, hereby complain against Defendants SANTANDER

27  CONSUMER USA INC. (hereinafter "SANTANDER"); and DOES 1 through 50, inclusive, and

28  on information and belief, allege as follows:

                                         1
              Complaint for Injunctive Relief, Restitution, Conversion and Damages

FILED
Los Angeles Superior Court

FEB 25 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
   SHAUNNA WESLEY

## PRELIMINARY STATEMENT

2.      Plaintiffs bring this action under the Unfair Competition Law (Business & Professions Code §17200 *et seq.*), the Rees-Levering Automobile Sales Finance Act, Civil Code §2981 *et seq.* (hereinafter "Rees-Levering Act"), and other applicable laws, to challenge the unlawful, unfair and deceptive practices of SANTANDER, following repossession of Plaintiffs' motor vehicles under conditional sales contracts.  In particular, SANTANDER failed to provide Plaintiffs with statutorily-mandated notices of their legal rights and obligations after repossession of their motor vehicles.  SANTANDER wrongfully deprived Plaintiffs of their right to reinstate or redeem their conditional sales contracts after repossession, negligently and/or fraudulently misrepresented the rights and obligations of the parties following repossession, collected, or sought to collect, a deficiency from Plaintiffs following repossession for which Plaintiffs are not liable as a matter of law, sought and obtained deficiency judgments knowing that such judgments are unlawful, and unlawfully and falsely reported borrowers' deficiency balances to credit reporting agencies as past due debts when collection of said amounts is in fact unlawful. Plaintiffs seek appropriate relief, as well as attorneys' fees, costs and expenses.

## PARTIES

3.      Plaintiffs THOMAS VITRANO AND BELINDA VITRANO are individuals over the age of 18 years.  At all times relevant herein, Plaintiffs were, and currently are, a residents of the State of California.

4.      Defendant SANTANDER CONSUMER USA INC. is a Texas corporation which, at all times relevant herein, was licensed to do business and was conducting business in the State of California and the city of Los Angeles.  SANTANDER is engaged in the business of providing financing to purchasers of automobiles, and in debt collection on such accounts.

///

///

## DOE DEFENDANTS

5.    Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiffs and who therefore are sued by such fictitious names.  Plaintiffs are informed, believe and thereon allege that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein-below, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Plaintiffs. Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

## AGENCY

6.    Plaintiffs are informed, believe, and thereupon allege that at all times mentioned herein each Defendant, whether actually or fictitiously named, was the principal, agent (actual or ostensible), or employee of each other Defendant.  In acting as such principal or within the course and scope of such employment or agency, each Defendant took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs and to the members of the class for the relief prayed for herein.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over Plaintiffs' claims because Plaintiffs are residents of California, and SANTANDER is qualified to do business in California and regularly conducts business in California.

8.    Venue is proper in this judicial district and the County of Los Angeles because all or some portion of Plaintiffs THOMAS VITRANO AND BELINDA VITRANO's claims arose in Los Angeles County.  Defendant SANTANDER conduct business within Los Angeles County and has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code §2105(a)(3).  Accordingly, Defendant SANTANDER can be sued in any county in the state of California, including Los Angeles

3

County.

## OPERATIVE FACTS

### The Purchase and Repossession of The 2006 Ford Expedition

9.     Plaintiffs THOMAS VITRANO AND BELINDA VITRANO purchased a new 2006 Ford Expedition in 2008.  The dealership arranged financing for the purchase, and assigned the conditional sale contract to HSBC Auto Finance. The 2006 Ford Expedition sales contract does not contain an arbitration provision. *See* (**Exhibit A**).

10.     Plaintiffs are informed, believe, and on that basis allege that in 2010, SANTANDER purchased HSBC Auto Finance and THOMAS VITRANO AND BELINDA VITRANO thereafter made payments on the car loan to SANTANDER. The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, California Civil Code §§2981 *et seq.*, and provided that the holder of the contract is subject to all claims and defenses that the consumer could assert against the seller.

11.     SANTANDER repossessed THOMAS VITRANO AND BELINDA VITRANO's 2006 Ford Expedition in October 2012.   SANTANDER mailed THOMAS VITRANO AND BELINDA VITRANO a written document dated October 18, 2012, titled "Notice of Intention to Dispose of Motor Vehicle," stating that the 2006 Ford Expedition had been repossessed and would be sold unless they redeemed the vehicle by paying the full balance remaining on the loan, or paid a certain amount to reinstate the contract (**Exhibit B**).  However, SANTANDER's Statutory Notice did not contain several of the disclosures mandated by Civil Code §§2983.2(a)(1)-(a)(9).

12.     THOMAS VITRANO AND BELINDA VITRANO were unable to recover their 2006 Ford Expedition, and plaintiffs are informed, believe, and on that basis allege that SANTANDER then sold the 2006 Ford Expedition, and assessed a deficiency balance against THOMAS VITRANO AND BELINDA VITRANO.  SANTANDER then falsely represented to

4

THOMAS VITRANO AND BELINDA VITRANO that they owed a deficiency balance when in fact they did not because of SANTANDER's noncompliance with the Rees-Levering Act.

13.   THOMAS VITRANO AND BELINDA VITRANO have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of SANTANDER challenged herein. Specifically, because Plaintiffs could not recover their vehicle, they no longer have any vehicles.  They had to spend $325.00 to get back their personal property after repossession.  They have paid money to acquaintances to take them to various places, they have attempted to rent cars, but cannot rent cars because they do not have a credit card, and their credit has been damaged.  They have applied for credit, but as a result of the deficiency on their credit report, they have been denied extensions of credit.

### The Purchase and Repossession of The 2008 Ford Focus

14.   Plaintiffs THOMAS VITRANO AND BELINDA VITRANO purchased a new 2008 Ford Focus in 2008.  The dealership arranged financing for the purchase, and assigned the conditional sale contract to Citi Financial. *See* (**Exhibit C**).

15.   Plaintiffs are informed, believe, and on that basis allege that in 2010, SANTANDER purchased Citi Financial and THOMAS VITRANO AND BELINDA VITRANO thereafter made payments on the car loan to SANTANDER. The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, California Civil Code §§2981 *et seq.*, and provided that the holder of the contract is subject to all claims and defenses that the consumer could assert against the seller.

16.   SANTANDER repossessed THOMAS VITRANO AND BELINDA VITRANO's 2008 Ford Focus in October 2012.  THOMAS VITRANO AND BELINDA VITRANO never received a Notice of Intent to Dispose of Motor Vehicle (NOI) from SANTANDER with regard to the 2008 Ford Focus.

17.   THOMAS VITRANO AND BELINDA VITRANO were unable to recover their

5

2008 Ford Focus, and plaintiffs are informed, believe, and on that basis allege that SANTANDER then sold the 2008 Ford Focus, and assessed a deficiency balance against THOMAS VITRANO AND BELINDA VITRANO.  SANTANDER then falsely represented to THOMAS VITRANO AND BELINDA VITRANO that they owed a deficiency balance when in fact they did not because of SANTANDER's noncompliance with the Rees-Levering Act.

18.     THOMAS VITRANO AND BELINDA VITRANO have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of SANTANDER challenged herein.  Specifically, because Plaintiffs could not recover their vehicle, they no longer have any vehicles.  They had to spend $325.00 to get back their personal property after repossession.  They have paid money to acquaintances to take them to various places, they have attempted to rent cars, but cannot rent cars because they do not have a credit card, and their credit has been damaged.  They have applied for credit, but as a result of the deficiency on their credit report, they have been denied extensions of credit.

### The Rees-Levering Act

19.     Plaintiffs' right to a particularized notice after repossession is established by the provisions of the Rees-Levering Act.  The Rees-Levering Act regulates the repossession and disposition of motor vehicles financed under conditional sale contracts in California, and, among other provisions, imposes strict requirements upon holders of conditional sale contracts, such as SANTANDER, following a repossession.

20.     In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller or holder of the contract to issue a detailed Statutory Notice to the buyer following repossession.  Civil Code §2983.2 specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law.

21.    Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder may not lawfully collect any deficiency from any person liable under a Form Agreement following disposition of the repossessed vehicle.  The Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the disclosures mandated by the statute. Civil Code §2982.2(a) (emphasis added).

22.    The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a Form Agreement after the repossession and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Civil Code §2983.8.

23.    The Statutory Notice that SANTANDER issued Plaintiffs following the repossession of the 2006 Ford Expedition (Exhibit B) in October 2012 was materially defective and incomplete, and failed to inform Plaintiffs of all of their legal rights and obligations.

24.    Specifically, the Statutory Notice sent by SANTANDER fails to comply with the strict requirements of the Rees-Levering Act for the reasons set forth below:

**(a)    Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to Redeem the vehicle**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice "[s]ets forth that those persons shall have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provides an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and sets forth the computation or estimate

7
Complaint for Injunctive Relief, Restitution, Conversion and Damages

of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice."

The SANTANDER NOI fails to comply with the requirements of this provision because it:

 i. fails to itemize the collection or repossession costs, but rather combines storage and administration fees of $150 dollars,

 ii. fails to set forth the precise amount for storage fees, and

 iii. fails to set forth the precise amount for transportation fees.

Due to the above failures, the consumer cannot ascertain how much to pay at any point during the redemption period or the extension thereof in order to redeem the vehicle. Santander appears to recognize the inaccuracies because the NOI states "You may call us at the telephone number at the top of this notice to confirm the exact amount due on the date you redeem." The consumer should not be required to make further inquiries per the holding in *Juarez v. Arcadia Financial Limited* (2007) 152 Cal.App.4th 889,904.

**(b)**   **Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate the Contract.**

Persons liable under Form Agreements owe deficiency balances only if the Statutory Notice "[s]tates either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement or reasons therefore.

Santander's statutory notice fails to comply with all of the requirements of this provision because it fails to state all of the "conditions precedent" to reinstatement. Specifically Santander's NOI fails to comply with the strict requirements of this provision because it:

 i. fails to disclose when the next payment becomes due,

 ii. fails to disclose when each late charge becomes due.

iii. fails to set forth the precise amount for storage fees,

iv. fails to set forth the precise amount for transportation fees,

v. Additionally, when the Vitranos attempted to reinstate the contract and obtain their

vehicle, they were told that they had to do all of the following:

    a. Pay $325 to get back their personal property,

    b. Pay a transportation fee for taking the car from Yucaipa to an auction in

       Anaheim,

    c. Provide three personal references,

    d. Pay a fee to the auction company, and

    e. Provide proof of insurance

None of these conditions precedent to reinstatement are set forth in the NOI.

"[I]n requiring creditors to state 'all the conditions precedent' to reinstatement, the

Legislature intended that creditors provide sufficient information to defaulting buyers to enable

them to determine precisely what they must do in order to reinstate their contracts." *Juarez v.*

*Arcadia Financial, Ltd.* (2007) 152 Cal.App.4th 889, 899.  The SANTANDER fails to do this

and thus violates Civil Code §2983.2(a)(2) because it requires the consumer to make further

inquiry as opposed to setting forth the exact amount needed to reinstate on any particular day.

**(c)**    **Violation of Civil Code §2983.2(a)(4), Regarding location of where the vehicle is to be picked up upon redemption or reinstatement.**

Financial institutions are required to "disclose the place at which the motor vehicle will

be returned to those persons upon redemption or reinstatement."

The Santander notice states that "if you redeem the vehicle it will be returned to you at

CA-92399 YUCAIPA, 39691 AVE EAST YUCAIPA, CA 92399." That address is in fact in a

residential neighborhood. When the Vitranos attempted to pick up their vehicle at that address,

they only received their personal property. The car was not at that location. It was in fact at the

Manheim Auto Auction in Anaheim, CA.

The Santander Notice therefore fails to disclose the actual place where the vehicle will be

returned as required by Civil Code §2983.2(a)(4).

**(d)     Violation of Civil Code §2983.2(a)(6), Pertaining to the Provision of Notice to the Consumer that Upon a Request for an Extension the Disposition of the Vehicle Will be Extended Accordingly.**

Civil Code §2983.2(a)(6) involves the disposition (sale) of the motor vehicle upon the

expiration of 15 days from the date of the notice. Civil Code §2983.2(a)(6) requires the holder to

inform the consumer that upon written request to extend the redemption and/or reinstatement

period, the sale date for disposition of the vehicle will be extended for an additional 10 days

without further notice.

The NOI must explicitly state that upon written request to extend the redemption and/or

reinstatement period, the sale date for disposition of the vehicle will be extended for an

additional 10 days without further notice. Other financial institutions have complied with this

requirement by stating:

> You are also hereby notified that the Creditor intends to offer the Vehicle for sale
> upon the expiration of twenty (20) days after the date of the giving or mailing of
> this notice. If we have received your written request to extend the redemption and
> reinstatement periods, as provided above, we will, without further notice, extend
> the time for sale by ten (10) days.

The SANTANDER NOI fails to state that the sale date for disposition of the vehicle will

be extended and accordingly it violates Civil Code §2983.2(a)(6).

25.     The Statutory Notice also violates other provisions of Civil Code §2983.2(a) not

detailed herein.

26.     Plaintiffs are informed, believe, and on that basis allege, that the defective and

improper Statutory Notice SANTANDER issued was a standard form notice sent by

10

SANTANDER, at least from four years preceding the filing of this action, and continuing thereafter, as a common practice and procedure to numerous other California borrowers whose vehicles were repossessed.

27.    Plaintiffs are informed, believe, and on that basis allege, that the defective and improper Statutory Notice SANTANDER issued was a standard form notice whose contents were filled out by SANTANDER employees according to guidelines and policies that failed to comply with the law.

28.    The defective and improper Statutory Notices issued to Plaintiffs and members of the class purportedly pursuant to Civil Code §2983.2, deprived them of the statutorily-mandated notice, and are standard notices sent by SANTANDER as a practice and procedure common to all persons who are parties to conditional sale contracts and whose vehicles were repossessed.

29.    Plaintiffs are informed, believe, and on that basis allege that, notwithstanding SANTANDER's failure to comply with the mandatory Statutory Notice requirements of the Rees-Levering Act, SANTANDER has assessed, demanded, attempted to collect, and collected deficiency balances from borrowers, including from Plaintiffs, for which the borrowers were not liable as a matter of law and which SANTANDER has no legal right to demand or to collect.

30.    In the four years preceding the filing of this action, and continuing thereafter, SANTANDER has made unlawful collection demands to Plaintiffs and other California borrowers, has falsely represented to such borrowers that deficiency balances were owed, has collected thousands of dollars from such borrowers to which it was not entitled, and has threatened to sue, and has sued, borrowers who did not owe any deficiency as a matter of law.

31.    At all relevant times, SANTANDER has had actual and/or constructive knowledge that such borrowers were not liable for any deficiency balance as a matter of law as a result of its failure to comply with the Rees-Levering Act, but has nevertheless persisted in its unlawful collection activity.

32.     Plaintiffs are informed, believe, and on that basis allege that SANTANDER and/or its agents regularly report or communicate to consumer credit reporting organizations that purported deficiencies following disposition of vehicles pursuant to the unlawful practices described herein are valid debts when, in fact, Plaintiffs and other similarly situated persons are not liable for deficiencies as a matter of law.  At all relevant times SANTANDER has had actual and constructive knowledge that such persons are not liable for deficiencies.

**CLASS ACTION ALLEGATIONS**

33.     Pursuant to California Code of Civil Procedure §382, Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated.  Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

34.     Plaintiffs are unable to state the precise number of potential members of the proposed class because that information is in the possession of SANTANDER.  It consists of at least hundreds, if not thousands of members, and is so numerous that joinder of all members would be impracticable.  The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of SANTANDER.

35.     The class on whose behalf this Complaint is brought is composed of all consumers who:

(a)     purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

(b)     whose motor vehicle was repossessed or voluntarily surrendered;

(c)     who were issued a NOI by SANTANDER from four years preceding the filing of this action to the present or to whom SANTANDER failed to

12
Complaint for Injunctive Relief, Restitution, Conversion and Damages

provide an NOI within 60 days of repossession; and

(d) against whose account a deficiency balance was assessed.

36. The Class Definition is subject to such further definition, limitations, and exclusions as may be ordered by the Court.

37. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. Proof of a common set of facts will establish the liability of Defendant, and the right of each member of the class to recover.

38. The common questions which predominate include, inter alia:

(a) whether SANTANDER failed to provide to individuals whose motor vehicles were repossessed a Statutory Notice containing all of the disclosures required by the Rees-Levering Act;

(b) whether such conduct constituted a breach of contract;

(c) whether SANTANDER collected, or has attempted to collect, deficiency balances from members of the proposed class that it had no legal right to obtain or attempt to collect;

(d) whether SANTANDER negligently and/or fraudulently misrepresented to borrowers that they were liable for deficiency balances when there was no obligation to pay such amounts, and falsely reported deficiencies as valid debts to credit reporting organizations;

(e) and SANTANDER has, through false or misleading representations to the courts of this state, obtained judgments in violation of Civil Code §2983.8.

39. Proof of a common set of facts will establish SANTANDER's liability and the right of each class member to recover.

40. Plaintiffs' claims are typical of those of the class which they represent, and they

13

Complaint for Injunctive Relief, Restitution, Conversion and Damages

1    will fairly and adequately represent the interests of the class.  Plaintiffs are represented by

2    counsel competent and experienced in both consumer protection and class action litigation.

3        41.    A class action is superior to other methods for the fair and efficient adjudication

4    of this controversy.  Because the damages suffered by the individual class members may be

5    relatively small compared to the expense and burden of litigation, it would be impracticable and

6    economically unfeasible for class members to seek redress individually.  The prosecution of

7    separate actions by the individual class members, even if possible, would create a risk of

8    inconsistent or varying adjudications with respect to individual class members against

9    Defendant, and would establish incompatible standards of conduct.

10       42.    The claims asserted by Plaintiffs will be governed by the laws of the State of

11   California and the injuries resulting from SANTANDER's conduct were incurred in California.

### FIRST CAUSE OF ACTION
**(Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, et seq.)**
**(Against SANTANDER and applicable DOES)**

16       43.    Plaintiffs reallege and incorporate herein by reference the allegations in each and

17   every paragraph above.

18       44.    As is hereinabove alleged, the Rees-Levering Act regulates automobile sale and

19   financing transactions for motor vehicles purchased primarily for personal or family purposes.

20   The conditional sale contracts entered into by Plaintiffs are subject to and governed by the

21   provisions of the Rees-Levering Act.  Defendant SANTANDER is or was a "seller" or "holder"

22   of said contracts as those terms are used in the statute.

23       45.    As is hereinabove alleged, Defendant has engaged and is engaged in ongoing

24   material violations of the Rees-Levering Act in that the Statutory Notices provided to Plaintiffs

25   and the class, ostensibly pursuant to Civil Code §2983.2(a), did not contain the statutorily-

26   mandated disclosures and information required by Civil Code §2983.2(a).  Thus SANTANDER

27   deprived Plaintiffs and the class of substantial rights granted them under the Rees-Levering Act,

including the right to make an informed decision about whether to redeem/reinstate their

contracts. In addition, because SANTANDER has failed to provide Plaintiffs and the class with

all of the information and disclosures to which they were entitled under Civil Code §2983.2(a),

Plaintiffs and the class are not liable, under the explicit terms of §§2983.2(a) and 2983.8 of the

Rees-Levering Act, for any deficiency following the disposition of their repossessed motor

vehicles. Nevertheless, without any legal right to do so, Defendant maintains that Plaintiffs and

the class owe it for deficiency balances and has collected or attempted to collect such deficiency

balances.

46.     As a direct and proximate result of the acts hereinabove alleged and Defendant's

ongoing unlawful conduct, Plaintiffs and the class have been damaged in an amount to be proven

at trial.

47.     Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the

filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SECOND CAUSE OF ACTION
#### (Conversion)
#### (Against SANTANDER and applicable DOES)

48.     Plaintiffs reallege and incorporate herein by reference the allegations in each and

every paragraph above.

49.     Plaintiffs and the class were entitled to immediate possession of their vehicles by

paying the proper redemption or reinstatement amount to Defendant within 15 days, pursuant to

their rights under the Rees-Levering Act. Plaintiffs and other similarly situated class members

demanded their vehicles back, and demanded that Defendants permit them to reinstate their

contracts, but Defendant ignored these demands and kept the vehicle(s).

50.     After the repossessions, Defendant wrongfully deprived Plaintiffs and the class of

possession of their vehicles by failing to properly disclose their right to redeem/reinstate the

15

conditional sales contracts in the language required by Civil Code § 2983.2(a) and/or by failing to send compliant Statutory Notices within the 60 day period prescribed by law. These omissions, and defendant's premature acceleration of the contract balances, violated Civil Code §§ 2983.2(a), and 2983.3(b) and (c).

51. Plaintiffs and the class have suffered and are entitled to recover damages for SANTANDER's conversion of their property.

52. Defendants acted with malice, oppression, and/or fraud towards Plaintiffs and the class, within the meaning of Civil Code §3294, thereby entitling them to an award of punitive damages.

53. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiffs and the class with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Violations of Business and Professions Code §17200 et seq.)**
**(Against SANTANDER and applicable DOES)**

54. Plaintiffs reallege and incorporate herein by reference the allegations in each and every paragraph above.

55. Plaintiffs THOMAS VITRANO AND BELINDA VITRANO file this cause of action individually, and on behalf of the general public and as a class action, to challenge and to remedy Defendants' business practices. Business and Professions Code §17200 et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a

court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

56.    Beginning on an exact date unknown to Plaintiffs THOMAS VITRANO AND BELINDA VITRANO, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, Defendant SANTANDER has committed acts of unfair competition proscribed by the UCL, including the practices alleged herein.  The acts of unfair competition include the following:

(a)    SANTANDER violated and continues to violate the provisions of Civil Code §2983.2(a) with respect to members of the class by failing to send them Statutory Notices that contain the disclosures mandated by that section;

(b)    SANTANDER breached and continues to breach the terms of its uniform conditional sales contracts with class members by breaking its twin promises in the Form Agreements to (1) "provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle," and (2) "If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract."

(c)    SANTANDER negligently misrepresented and continues to misrepresent orally to members of the class issued defective Statutory Notices or no notices at all that they are obligated to pay deficiency balances;

(d)    SANTANDER fraudulently misrepresented and continues to misrepresent orally to members of the class issued defective Statutory Notices or no notices at all that they are obligated to pay deficiency balances;

(e)    SANTANDER negligently misrepresented and continues to misrepresent in writing to members of the class sent defective Statutory Notices or no notices at all that they are obligated to pay deficiency balances;

(f)     SANTANDER fraudulently misrepresented and continues to misrepresent in writing to members of the class sent defective Statutory Notices that they are obligated to pay deficiency balances;

(g)     SANTANDER actively concealed and continues to conceal its unlawful activity from members of the class sent defective Statutory Notices or no notices at all;

(h)     SANTANDER unlawfully, unfairly and/or fraudulently carried and continues to carry on its accounts records deficiency balances of members of the class issued defective Statutory Notices or no notices at all as amounts lawfully due and owing;

(i)     SANTANDER unlawfully, unfairly and/or fraudulently reported and continues to report to credit reporting agencies the deficiency balances allegedly owed by members of the class issued defective Statutory Notices or no notices at all as amounts lawfully due and owing;

(j)     SANTANDER unlawfully, unfairly and/or fraudulently reported and continues to report to other third parties deficiency balances allegedly owed by members of the class issued defective Statutory Notices or no notices at all as amounts lawfully due and owing;

(k)     SANTANDER unlawfully, unfairly and/or fraudulently collected and continues to collect deficiency balances from members of the class sent defective Statutory Notices or no notices at all;

(l)     SANTANDER unlawfully, unfairly and/or fraudulently filed and continues to file lawsuits against members of the class issued defective Statutory Notices or no notices at all in order to collect deficiency balances; and

(m)     SANTANDER unlawfully, unfairly and/or fraudulently misrepresented and continues to misrepresent their compliance with the provisions of Civil Code §2983.2 to courts throughout the State of California and conceals its violations of the law.

57.     The business acts and practices of SANTANDER as hereinabove alleged

18

constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Automobile Sales Finance Act, Civil Code §2981 et seq., and constitute systematic breaches of contracts and constitute violations of the common law.

58.     The business acts and practices SANTANDER, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.  Said acts and practices have no utility that outweighs their substantial harm to consumers.

59.     The business acts and practices of SANTANDER, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

60.     The unlawful, unfair and fraudulent business acts and practices of SANTANDER described herein present a continuing threat to Plaintiffs and members of the class in that SANTANDER is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

61.     As a direct and proximate result of the acts and practices described herein, SANTANDER has received and collected substantial monies or property from Plaintiffs and members of the class to which it is not entitled.  Plaintiffs have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of SANTANDER challenged herein.

62.     Pursuant to Business and Professions Code §17203, Plaintiffs seek an order enjoining SANTANDER from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to Plaintiffs and the members of the class.

63.     In addition, pursuant to Code of Civil Procedure §1021.5, Plaintiffs seek recovery

19

of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1.    For an order certifying the case as a class action;

2.    For an order finding and declaring Defendant SANTANDER's acts and practices as challenged herein are unlawful, unfair and fraudulent;

3.    For an order preliminarily and permanently enjoining Defendant SANTANDER from engaging in the practices challenged herein;

4.    For an order of restitution in an amount to be determined at trial to restore to all affected borrowers in interest, all money acquired by Defendant SANTANDER by means of its unlawful, unfair and fraudulent practices, which amount is at least equal to all sums collected for alleged deficiency balances following the disposition of repossessed motor vehicles;

5.    For an order that Defendant SANTANDER shall send a letter to each of the credit reporting agencies instructing them to delete all references to the trade lines of class members, including, but not limited to any reference to repossessions, deficiency balances allegedly owed, and/or charge-offs of such balances;

6.    For such compensatory damages in an amount to be determined at trial, which amount is at least equal to all sums paid by Plaintiffs and members of the class for alleged deficiency balances following the disposition of repossessed motor vehicles;

7.    For prejudgment interest to the extent permitted by law;

8.    For exemplary damages;

9.    For an award of attorneys' fees, costs and expenses pursuant to Civil Code §2983.4, Code of Civil Procedure §1021.5, and any other applicable provisions of law;

20

Complaint for Injunctive Relief, Restitution, Conversion and Damages

10.   For declaratory relief; and

11.   For such other and further relief as the Court may deem just and proper.


Dated: February 25, 2013                    KEMNITZER, BARRON, & KRIEG, LLP


                                            By:
                                                 BRYAN KEMNITZER


### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 25, 2013                    KEMNITZER, BARRON & KRIEG, LLP


                                            By:
                                                 BRYAN KEMNITZER


21

DEAL  62493 **RETAIL INSTALLMENT SALE CONTRACT – SIMPLE INTEREST FINANCE CHARGE**

Dealer Number 11317    Contract Number _____    R.C.S. Number _____    Stock Number 8080032

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| THOMAS J VITRANO<br>BELINDA L VITRANO<br>246 W PORTLAND AVE<br>FRESNO  CA  FRESNO  93711 | FUTURE FORD OF CLOVIS<br><br>920 W. SHAW AVE.<br>CLOVIS, CA          93612 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2006 | FORD EXPEDITION | 63 | 1FMPU13586LA03313 | [XX] personal, family or household<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 3000.00 is |
|---|---|---|---|---|
| 16.95 % | $ 15120.31 (e) | $ 26624.49 | $ 41644.80 (e) | $ 44644.80 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:** A

| Number of Payments | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71  Payments | 678.40 | Monthly, Beginning 03/31/08 |
| N/A  Payments | N/A | Monthly, Beginning N/A |
| One Final Payment. | 678.40  at 02/28/2014 |  |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories $ 24995.00 (A)
      1. Cash Price Vehicle $ 24995.00
      2. Cash Price Accessories $ N/A
      3. Other (Nontaxable)
         Describe N/A $ N/A
         Describe N/A $ N/A
   B. Document Preparation Fee (not a governmental fee) $ 55.00 (B)
   C. Smog Fee Paid to Seller $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (E)
   F. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (G)
   H. Sales Tax (on taxable items in A through G) $ 1997.74 (H)
   I. Optional DMV Electronic Filing Fee $ N/A (I)
   J. (Optional) Service Contract (to whom paid) TRACON $ 1695.00 (J)
   K. (Optional) Service Contract (to whom paid) N/A $ N/A (K)
   L. (Optional) Service Contract (to whom paid) N/A $ N/A (L)
   M. Prior Credit or Lease Balance paid by Seller to $ N/A (M)
      (see downpayment and trade-in calculation)
   N. (Optional) Gap Contract (to whom paid) OLD REPUBLIC $ 395.00 (N)
   O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (O)

## STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp. Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits N/A | Mos. | $ N/A |
| Property Damage $ N/A Limits N/A | Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X _____

Seller FUTURE FORD OF CLOVIS

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A |
| Insurance Company Name N/A | | | |

Home Office Address N/A
N/A

Credit life and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked

EXHIBIT A

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71    Payments | 578.40 | Monthly, Beginning 03/31/08 |
| N/A    Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 578.40 | 02/28/2014 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ....... $ 24995.00 (A)
      1. Cash Price Vehicle ......... $ 24995.00
      2. Cash Price Accessories ......... $ N/A
      3. Other (Nontaxable) ......... $
         Describe N/A ......... $ N/A
         Describe N/A ......... $ N/A
   B. Document Preparation Fee (not a governmental fee) ......... $ 55.00 (B)
   C. Smog Fee Paid to Seller ......... $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) N/A ......... $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) ......... $ N/A (E)
   F. (Optional) Surface Protection Product (to whom paid) ......... $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) N/A ......... $ N/A (G)
   H. Sales Tax (on taxable items in A through G) ......... $ 1997.74 (H)
   I. (Optional) DMV Electronic Filing Fee ......... $ N/A (I)
   J. (Optional) Service Contract (to whom paid) TRANSCOM ......... $ 1635.00 (J)
   K. (Optional) Service Contract (to whom paid) ......... $ N/A (K)
   L. (Optional) Service Contract (to whom paid) N/A ......... $ N/A (L)
   M. Prior Credit or Lease Balance paid by Seller to
      ......... $ N/A (M)
      (see downpayment and trade-in calculation)
   N. (Optional) Gap Contract (to whom paid) OLD REPUBLIC $ 395.00 (N)
   O. (Optional) Used Vehicle Contract Cancellation Option Agreement ......... $ N/A (O)
   P. Other (to whom paid) N/A ......... $ N/A (P)
      For N/A
      Total Cash Price (A through P) ......... $ 29137.74 (1)
2. Amounts Paid to Public Officials
   A. License Fees ......... $ 375.00 (A)
   B. Registration/Transfer/Titling Fees ......... $ N/A (B)
   C. California Tire Fees ......... $ 8.75 (C)
   D. Other N/A ......... $ N/A (D)
      Total Official Fees (A through D) ......... $ 386.75 (2)
3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a + b) ......... $ N/A (3)
4. ☐ Smog Certification or ☐ Exemption Fee Paid to State ......... $ N/A (4)
5. Subtotal (1 through 4) ......... $ 29524.49 (5)
6. Total Downpayment
   A. Agreed Trade-In Value: Yr 2002 Make FORD ......... $ 3000.00 (A)
      Model T/R   Odom. 64255
      VIN N/A
   B. Less Prior Credit or Lease Balance ......... $ N/A (B)
   C. Net Trade-In (A less B) (Indicate if a negative number) ......... $ 3000.00 (C)
   D. Deferred Downpayment ......... $ N/A (D)

---

$ N/A  Ded. Collision    N/A  Mos. $
Bodily Injury    $ N/A  Limits/ Mos. $
Property Damage  $ N/A  Limits/ Mos. $
Medical N/A    $ N/A  Mos. $
N/A    $ N/A  Mos. $
Total Vehicle Insurance Premiums    $

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X
Co-Buyer X
Seller FUTURE FORD OF CLVST

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only).

|  | Term: | Exp. | Premium |
|---|---|---|---|
| Credit Life | Mos. | | |
| Credit Disability | N/A Mos. | | N/A |
| Total Credit Insurance Premiums $ | | | N/A (b) |

Insurance Company Name N/A

Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

N/A X N/A
Date    Buyer Signature    Age

N/A X
Date    Co-Buyer Signature    Age

OPTIONAL GAP CONTRACT A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1N. See your gap contract for details on the protection it provides, a list of the exclusions from coverage, and whether a refund is possible.

Term 72    Mos. OLD REPUBLIC
Name of Gap Contract

| | | |
|---|---|---|
| B. Registration/Transfer/Titling Fees | | |
| C. California Tire Fees | $ N/A | (6) |
| D. Other N/A | $ 8.75 | (D) |
| Total Official Fees (A through D) | $ N/A | (D) |
| 3. Amount Paid to Insurance Companies | $ 295.75 | (2) |
| (Total premiums from Statement of Insurance column a + b) | | |
| 4. ☐ Smog Certification or ☐ Exemption Fee Paid to State | $ N/A | (3) |
| 5. Subtotal (1 through 4) | $ N/A | (4) |
| 6. Total Downpayment | $ 29524.49 | (5) |

A. Agreed Trade-in Value  Yr. 2002  Make FORD $ 3000.00 (A)
   Model UTAD  Odom 54295
   VIN 2FMZA51402UB22551
B. Less Prior Credit or Lease Balance $ N/A (B)
C. Net Trade-in (A less B) (indicate if a negative number) $ 3000.00 (C)
D. Deferred Downpayment $ N/A (D)
E. Manufacturer's Rebate $ N/A (E)
F. Other $ N/A (F)
G. Cash $ N/A (G)
Total Downpayment (C through G) $ 3000.00

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above)

7. Amount Financed (5 less 6) $ 26524.49 (6)

**SELLER-ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND
WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS
RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: _____ N/A
Amount $ N/A  Finance Charge $ N/A
Total $ N/A  Payable in _____ N/A
Installments of $ N/A  $ _____ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a
new motor vehicle, the sale is not subject
to a fee received by an autobroker from us
unless the following box is checked:
☐ Name of autobroker receiving fee, if
applicable: _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X _____ Buyer
X _____ Co-Buyer

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ , _____ Year _____  SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING: YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____ X _____

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X _____  Co-Buyer X _____

**Notice to Buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____  Co-Buyer Signature X _____

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED IN**

---

(V) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

N/A X _____  N/A _____
Date  Buyer Signature  Age
N/A X _____
Date  Co-Buyer Signature  Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1U. See your gap contract for details on the protection it provides. It is a part of this contract.
Term 72 Mos OLD REPUBLIC IC
Name of Gap Contract
You want to buy a gap contract.
Buyer X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J, 1K, and/or 1L above.

1J Company TRANSCOM ULTIMATE
Term 60 Mos. or 100000 Miles
1K Company N/A
Term N/A Mos. or N/A Miles
1L Company N/A
Term N/A Mos. or N/A Miles
Buyer X _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____
Co-Buyer Signs X _____

RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN

Proceeds of Loan From:     N/A

Amount $ _N/A_     Finance Charge $ _N/A_

Total $ _N/A_     Payable in _N/A_

Installments of $ _N/A_     $ _N/A_

Item this Loan is shown in Item 60.

new motor vehicle, the retail sale of a
to a fee received by an autobroker from us
unless the following box is checked:

☐ Name of autobroker receiving fee, if
applicable:

**HOW THIS CONTRACT CAN BE CHANGED.** This
contract contains the entire agreement between you
and us relating to this contract. Any change to the
contract must be in writing and both you and we
must sign it. No oral changes are binding.

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on
the back giving the Seller the right to cancel if Seller is unable to assign the contract to a financial institution will apply.

Buyer X _____     Buyer Signs X _____

Co-Buyer X _____     Co-Buyer Signs X _____

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ , 20 _____ . SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR
NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION, DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO
NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING
DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED. THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF
THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____     X _____

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have
given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in Item 6B as "Prior Credit or Lease Balance," you must pay
Seller the excess on demand. If the payoff amount is less than the amount shown above in Item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.

Buyer X _____     Co-Buyer X _____

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled
in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations
under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department
of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change,
and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____     Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract
and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this
contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you
sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does
require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain
statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an
off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS
CONTRACT. YOU CONFIRM THAT BEFORE
YOU SIGNED THIS CONTRACT, WE GAVE
IT TO YOU, AND YOU WERE FREE TO TAKE
IT AND REVIEW IT. YOU CONFIRM THAT
YOU RECEIVED A COMPLETELY FILLED-IN
COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____   Date 2/15/08   Co-Buyer Signature X _____   Date 2/15/08

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but
does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____     Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing
on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a
complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more
payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement
relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notice of the amount owing at any time, and of any demand upon the Buyer.

Guarantor X _____   Date 02/15/08   Guarantor X _____   Date 02/15/08

Address _____     Address _____

Seller Signs FUTURE FORD OF CLOVIS   Date 02/15/08   By X _____   Title _____

N   FORM NO. 553-CA REV V2E U.S. PATENT NO. D462,782

CUSTOMER / TRUTH IN LENDING COPY



**1.  FINANCE CHARGE AND PAYMENTS**

   **a.  How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

   **b.  How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

   **c.  How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   **d.  You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2.  YOUR OTHER PROMISES TO US**

   **a.  If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
>
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   **b.  Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   **c.  Security Interest.**
You give us a security interest in:

- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract.

**f.** We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale. Allowed expenses, to the amount you owe. Allowed expenses are expenses we pay, as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

   **g.  What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.  WARRANTIES SELLER DISCLAIMS**
If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5.  Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6.  Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**7.  Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents or other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**
If you become disabled, you must tell us right away. (You are

payment. If the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference: the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2.     **YOUR OTHER PROMISES TO US**

a.   **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
>
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b.   **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c.   **Security interest.**
     You give us a security interest in:
     - The vehicle and all parts or goods installed on it;
     - All money or goods received (proceeds) for the vehicle;
     - All insurance, maintenance, service, or other contracts we finance for you; and
     - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

     This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d.   **Insurance you must have on the vehicle.**
     You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5.   **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
     Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6.   **Applicable Law**
     Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7.   **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.
If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three

from the contract.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

**d.** **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e.** **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3.** **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a.** **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b.** **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
* You do not pay any payment on time;
* You start a proceeding in bankruptcy or one is started against you or your property;
* The vehicle is lost, damaged or destroyed; or
* You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c.** **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d.** **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e.** **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law.

---

**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| Seller's Right to Cancel |
|---|

**a.** Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

**b.** Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

**c.** If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

**d.** While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

tract the refund from what you owe.

3.   **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a.   **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b.   **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:

- You do not pay any payment on time;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c.   **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d.   **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e.   **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| Seller's Right to Cancel |
|---|
| a.   Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract. |
| b.   Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in. |
| c.   If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. |
| d.   While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller. |

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller assigns its interest in this contract to | | | | (Assignee) at (address) |
|---|---|---|---|---|
| | | | | under the terms of Seller's agreement(s) with Assignee |
| | ☐ Assigned with recourse | ☐ Assigned without recourse | ☐ Assigned with limited recourse | |
| Seller | | By | Title | |

Form No. 553-CA 1-07



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

We are sending this Notice to each of the people who owe money under the Agreement, as shown at the top of this Notice, or people who have an interest in the Vehicle and who are not shown at the top of this Notice: Thomas J Vitrano; Belinda Vitrano

### Reinstatement and Redemption

You are in default under the Agreement as follows (select applicable provision(s)):

☒ Failure to make payment(s) due under the Agreement.
☐ Failure to keep the Vehicle free from encumbrances and liens.
☐ Failure to keep and maintain insurance on the Vehicle.
☐ Failure to perform other obligations under the Agreement

[Describe]

### Right to Reinstate

☒ If checked, you have the right to reinstate the Agreement and get back the Vehicle. To reinstate, you must do the following (below) within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement is outside of California).  You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you. Your cure of the default must be made to us at our address shown at the top of this Notice.   a6

☒ Pay the Total Amount Now Due:

|  |  |
|---|---|
| Past due payments | $ 2,874.60 |
| Unpaid late fees | + $ 114.81 |
| Repossession expense | + $ 400.00 |
| Attorney's fees | + $  0.00 |
| Legal expenses | + $  0.00 |
| Storage/Admin Fee | + $  150.00 |
| Total Amount Now Due= | $3,539.41 |

a2

☐ Other action needed to cure default

[Describe]

To reinstate your contract, you must pay the following amounts in addition to the Total Amount Now Due, which will come due during the reinstatement period (and, if applicable, extension period):

a2  Payment(s) to come due:                                    $ 578.40
Each late charge:                                               $ 0.00
(If you do not make a payment to come due
within the grace period, you will also be charged
the late charge – see your Agreement for details)

© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247          CA - NOI-402
Page 2 of 300

EXHIBIT B



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

Location of Storage:
Name/address: CA-92399 YUCAIPA 31691 AVE EAST  YUCAIPA CA 92399

Fee charged by law enforcement, if applicable:                    $15.00
Name/address: RIVERSIDE COUNTY SHERIFF 4095 LEMON STREET RIVERSIDE, CA 92501

Other: [describe]                    $ _____

The amount needed to reinstate the Agreement will include these amounts, as applicable.

### No Right to Reinstate

☐ If checked, you do not have the right to reinstate the Agreement because [insert statutory reason]
_____

### Right to Redeem

You have the right to redeem (get back) the Vehicle at any time up until the date we sell the Vehicle, or the date we enter into a contract for its sale, by paying to us at our address shown at the top of this Notice the Total Outstanding Now Due as set forth below (not just the past due payments). This date will be at least 15 days from the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement are outside of California). You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you.

| | |
|---|---|
| Contract balance | $ 11,772.56 |
| Accrued Interest | + $ 776.81 |
| Unpaid late fees | + $ 114.81 |
| Other [describe] | + $ 0.00 |
| Repossession expense | + $ 400.00 |
| Attorney's fees | + $ 0.00 |
| Legal expenses | + $ 0.00 |
| Storage/Admin Fee | + $ 150.00   a1 |
| Subtotal | = $ 13,214.18 |
| Less unearned finance charge | - $ 0.00 |
| Less unearned insurance charge | - $ 0.00 |
| Less other [describe] | - $ 0.00 |
| Total Outstanding Now Due | = $13,214.18 |

To redeem the vehicle, you must also pay the following amounts, in addition to the Total Outstanding Now Due, which will come due during the redemption period (and, if applicable, extension period). You may call us at the telephone number at the top of this notice to confirm the exact amount due on the date you redeem.

© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247        CA - NOI-402
Page 3 of 300



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

Interest on the unpaid principal at the annual percentage rate of      0.00%

Location of Storage:
Name/address: CA-92399 YUCAIPA 31691 AVE EAST YUCAIPA CA 92399

Fee charged by law enforcement, if applicable:      $15.00
Name/address: RIVERSIDE COUNTY SHERIFF 4095 LEMON STREET RIVERSIDE, CA 92501

Other: [describe] _____      $_____

### Location of Vehicle

If you have the right to reinstate and you reinstate the Agreement, or if you redeem the Vehicle it will be returned to you at:

Location of Storage:
Name/address: CA-92399 YUCAIPA 31691 AVE EAST YUCAIPA CA 92399

### Written Accounting

We will provide you with a written accounting following sale of the Vehicle. If there is a surplus, it will be paid to you within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from Santander Consumer USA, Inc. at the address shown at the top of this Notice within one year of the date of the sale by delivering to us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UP DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest, from the date of disposition of the Vehicle to the date of entry of judgment.

Sincerely,

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

Mark Mooney
VP, Loss Mitigation

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.
© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247

CA - NOI-402

Page 4 of 300



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

- - - - - - - - - - - - - - - - - - - - - - - - - - - - <cut here> - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Right to Request an Extension of Time**   a6

You (the borrower) must either personally serve this Request on us or send it to us by certified or registered mail, return receipt requested, in either case, to the address listed above. If we receive this Request within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this contract is outside of California), we will extend the time to reinstate the contract, if you have that right, or to redeem the vehicle, for 10 days.

To: _____

_____

Your Name_____         Account No. _____

Signature _____         Date _____

© 2012 Santander Consumer USA Inc. 7/ 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247          CA - NOI-402
Page 5 of 300

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE INTEREST FINANCE CHARGE

DEAL  62932
Dealer Number 1317        Contract Number _____        R.O.S. Number _____        Stock Number 2680686

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| THOMAS J VITRANO<br>BELINDA L VITRANO<br>248 W PORTLAND AVE<br>FRESNO CA FRESNO  93711 | FUTURE FORD OF CLOVIS<br>920 W. SHAW AVE.<br>CLOVIS, CA        93612 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New<br>Used | Year | Make<br>and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2008 | FORD<br>FOCUS | 45 | 1FAHP33H48W179630 | ☒ personal, family or household<br>☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $1750.00 is |
|---|---|---|---|---|
| 14.99 % | $ 9116.13 (e) | $ 17154.51 | $ 26270.64 (e) | $ 28020.64 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71  Payments | 364.87 | Monthly, Beginning 03/31/08 |
| N/A  Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 364.87 | 02/28/2014 |

**Late Payment.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories  $ 16920 00 (A)
      1. Cash Price Vehicle  $ 16920 00
      2. Cash Price Accessories  $ N/A
      3. Other (Nontaxable)
         Describe N/A  $ N/A
         Describe N/A  $ N/A
   B. Document Preparation Fee (not a governmental fee)  $ 55 00 (B)
   C. Smog Fee Paid to Seller  $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) N/A  $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) N/A  $ N/A (E)
   F. (Optional) Surface Protection Product (to whom paid) N/A  $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) N/A  $ N/A (G)
   H. Sales Tax (on taxable items in A through G)  $ 1353.76 (H)
   I. Optional DMV Electronic Filing Fee  $ N/A (I)
   J. (Optional) Service Contract (to whom paid) N/A  $ N/A (J)
   K. (Optional) Service Contract (to whom paid) N/A  $ N/A (K)
   L. (Optional) Service Contract (to whom paid) N/A  $ N/A (L)
   M. Prior Credit or Lease Balance paid by Seller to  $ N/A (M)
      (see downpayment and trade-in calculation)
   N. (Optional) Gap Contract (to whom paid) OLD REPUBLIC  $ 395.00 (N)
   O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (O)
   P. Other (to whom paid) N/A  $ N/A (P)
      For ____
   Total Cash Price (A through P)  $ 18723 76 (1)
2. Amounts Paid to Public Officials

**EXHIBIT C**

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits $ N/A Mos. | $ N/A |
| Property Damage $ N/A Limits $ N/A Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |
| N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A (I) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X FUTURE FORD OF CLOVIS

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Application for Optional Credit Insurance

☐ Credit Life:        ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. N/A | $ N/A |
| Credit Disability | N/A Mos. N/A | $ N/A |
| Total Credit Insurance Premiums | $ N/A (D) |

Insurance Company Name N/A

Home Office Address N/A

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

**You are applying for the credit insurance marked above.** Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 Payments | 364.87 | Monthly, Beginning 03/31/08 |
| N/A Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 364.87 | 02/28/2014 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ......... $ 16920 00 (A)
      1. Cash Price Vehicle ............ $ 16920 00
      2. Cash Price Accessories ....... $ N/A
      3. Other (Nontaxable)
         Describe N/A ............. $ N/A
         Describe N/A ............. $ N/A
   B. Document Preparation Fee (not a governmental fee) ...... $ 55 00 (B)
   C. Smog Fee Paid to Seller .............................. $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (E)
   F. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (G)
   H. Sales Tax (on taxable items in A through G) .......... $ 1363 76 (H)
   I. Optional DMV Electronic Filing Fee ................... $ N/A (I)
   J. (Optional) Service Contract (to whom paid) N/A ...... $ N/A (J)
   K. (Optional) Service Contract (to whom paid) N/A ...... $ N/A (K)
   L. (Optional) Service Contract (to whom paid) N/A ...... $ N/A (L)
   M. Prior Credit or Lease Balance paid by Seller to _____ $ N/A (M)

   (see downpayment and trade-in calculation)
   N. (Optional) Gap Contract (to whom paid) OLD REPUBLIC $ 395 00 (N)
   O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (O)
   P. Other (to whom paid) N/A ........................... $ N/A (P)
      For N/A
   Total Cash Price (A through P) ......................... $ 18733 76 (1)

2. Amounts Paid to Public Officials
   A. License Fees ........................................ $ 172 00 (A)
   B. Registration/Transfer/Titling Fees .................. $ N/A (B)
   C. California Tire Fees ................................ $ 8 75 (C)
   D. Other N/A .......................................... $ N/A (D)
   Total Official Fees (A through D) ...................... $ 180 75 (2)

3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a + b) $ N/A (3)

4. ☐ Smog Certification or ☐ Exemption Fee Paid to State .. $ N/A (4)

5. Subtotal (1 through 4) ............................... $ 18904 51 (5)

6. Total Downpayment
   A. Agreed Trade-in Value  Yr N/A  Make N/A ............ $ N/A (A)
      Model N/A  Odom N/A
      VIN N/A
   B. Less Prior Credit or Lease Balance ................. $ N/A (B)
   C. Net Trade-in (A less B) (indicate if a negative number) $ N/A (C)
   D. Deferred Downpayment .............................. $ N/A (D)
   E. Manufacturer's Rebate ............................. $ 1750 00 (E)
   F. _____ ............................................. $ N/A (F)

---

Property Damage $ N/A Limits $ N/A  Mos. $ N/A
Medical N/A  Mos. $ N/A
N/A  Mos. $ N/A
Total Vehicle Insurance Premiums $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller FUTURE FORD OF CLOVIS

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |

Total Credit Insurance Premiums $ N/A (b)
Insurance Company Name N/A

Home Office Address N/A

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

N/A
Date  Buyer Signature  Age

N/A
Date  Co-Buyer Signature  Age

OPTIONAL GAP CONTRACT A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.

Term 72  Mos. OLD REPUBLIC  Name of Gap Contract

You want to buy a gap contract.
Buyer X _____

A. Agreed Trade-In Value  Yr. N/A   Make N/A   $   N/A   (A)
   Model N/A   Odom. N/A
   VIN N/A
B. Less Prior Credit or Lease Balance   $   N/A   (B)
C. Net Trade-In (A less B) (indicate if a negative number)   $   N/A   (C)
D. Deferred Downpayment   $   N/A   (D)
E. Manufacturer's Rebate   $   1750.00   (E)
F. Other   $   N/A   (F)
G. Cash   $   N/A   (G)
Total Downpayment (C through G)   $   1750.00   (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above.)

7. Amount Financed (5 less 6)   $   17154.61   (7)

OPTIONAL GAP CONTRACT A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.

Term 72   Mos. of   Name of Gap Contract

You want to buy a gap contract.

Buyer X _____

OPTIONAL SERVICE CONTRACT(S) You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in Item 1J, 1K, and/or 1L above.

1J Company N/A
Term N/A   Mos. N/A   Miles
1K Company N/A
Term N/A   Mos. N/A   Miles
1L Company N/A
Term N/A   Mos. N/A   Miles
Buyer X _____

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____
Co-Buyer Signs X _____

SELLER ASSISTED LOAN
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From:   N/A
Amount $   N/A   Finance Charge $   N/A
Total is $   N/A   Payable in   N/A
installments of $   N/A
from the Loan is shown in Item 6D.

AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:

SELLER'S RIGHT TO CANCEL If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X _____   X _____
Buyer   Co-Buyer

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before _____, Year _____, SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____   X _____

Representations of Buyer: Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in Item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in Item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.

Buyer X   N/A   Co-Buyer X _____

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____   Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____   Date 02/15/06   Co-Buyer Signature X _____   Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other/Owner Signature X _____   Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more installments...

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ , Year _____ , SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.

Buyer X _____   Co-Buyer X _____

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____   Co-Buyer Signature X _____

## The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.** California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____   Date 2/15/06   Co-Buyer Signature X _____   Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____   Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time; and of any demands upon the Buyer.

Guarantor X _____   Date 02/15/06   Guarantor X _____   Date 02/15/06
Address _____   Address _____

Seller Sign _____ DOG OF CLOVIS   Date 02/15/06   By X _____   Title _____

AW   FORM NO. 553-CA-ARB (REV 11/01) U.S. PATENT NO. D486,123
©2001 Reynolds and Reynolds   TO ORDER www.reynolds.com 1-800-344-0996 Fax 1-800-424-9866
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER / TRUTH IN LENDING COPY



FINANCE CHARGE AND PAYMENTS

a. How we will figure your Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows (1) $25 if the original Amount Financed does not exceed $1,000. (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. YOUR OTHER PROMISES TO US

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> GAP LIABILITY NOTICE
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security Interest.
You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle.
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance

providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. We will sell the vehicle if you do not get it back. If you fail to redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. WARRANTIES SELLER DISCLAIMS
If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Applicable Law.
Federal law and California law apply to this contract. If any part of the contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. Warranties of Buyer. You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payments, WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL WE

as follows: (1) $25 if the original Amount Financed does not exceed $1,000. (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
>
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. **THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT.** An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract, or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law ...

---

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law.**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making or some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

---

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is later, the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your ability claim is made or if a senior mortgage or lien holder is foreclosing. If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months, or accepts the claim within the three calendar months as a disability and pays less than our claim for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to you to pay past due payments or the difference between our claim for the ... past due payments and what the insurance company paid ... partial disability, plus late charges you can accrue ... and tell you how much you owe. After that time, we can, without further foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you ... in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than four ... if you do not send in these forms on time, the insurance company ...

we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e.  **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3.  **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a.  **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b.  **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
   • You do not pay any payment on time;
   • You start a proceeding in bankruptcy or one is started against you or your property;
   • The vehicle is lost, damaged or destroyed; or
   • You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c.  **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d.  **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e.  **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges.

CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing. If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you come in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

**Seller's Right to Cancel**

a.  Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b.  Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c.  If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d.  While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrator of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et.

the Amount you now owe us will be (a) the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges,

Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

## ARBITRATION CLAUSE
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

(Assignee at option.)

Seller assigns its interest in this contract to _____ under the terms of Seller's agreement (assignment) with Assignee.

☐ Assigned with recourse       ☐ Assigned without recourse       ☐ Assigned with limited recourse

Seller _____   By _____   Title _____

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Bryan Kemnitzer  Bar No. 066401
KEMNITZER, BARRON & KRIEG, LLP

445 Bush Street, 6th Floor
San Francisco, CA  94108
TELEPHONE NO.: (415) 632-1900   FAX NO.: (415) 632-1901
ATTORNEY FOR (Name): Plaintiffs THOMAS AND BELINDA VITRANO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: P.O. Box 1511
CITY AND ZIP CODE: Los Angeles, CA  90053
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Vitrano v. Santander, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: BC501682  JUDGE:  DEPT: |

FOR COURT USE ONLY

**FILED**
Los Angeles Superior Court

FEB 25 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 3
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 25, 2013

Bryan Kemnitzer  Bar No. 066401
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
     Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
     case involves an uninsured
     motorist claim subject to
     arbitration, check this item
     instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/
        Wrongful Death
  Product Liability *(not asbestos or
     toxic/environmental)* (24)
  Medical Malpractice (45)
     Medical Malpractice–
        Physicians & Surgeons
     Other Professional Health Care
        Malpractice
  Other PI/PD/WD (23)
     Premises Liability (e.g., slip
        and fall)
     Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
     Intentional Infliction of
        Emotional Distress
     Negligent Infliction of
        Emotional Distress
     Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
     Practice (07)
  Civil Rights (e.g., discrimination,
     false arrest) *(not civil
     harassment)* (08)
  Defamation (e.g., slander, libel)
     (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice
        *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
     Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
     Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/
        Warranty
     Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
     book accounts) (09)
     Collection Case—Seller Plaintiff
     Other Promissory Note/Collections
        Case
  Insurance Coverage *(not provisionally
     complex)* (18)
     Auto Subrogation
     Other Coverage
  Other Contract (37)
     Contractual Fraud
     Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
     Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
     drugs, check this item; otherwise,
     report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court
        Case Matter
     Writ–Other Limited Court Case
        Review
  Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
     *(arising from provisionally complex
     case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
     Abstract of Judgment (Out of
        County)
     Confession of Judgment *(non-
        domestic relations)*
     Sister State Judgment
     Administrative Agency Award
        *(not unpaid taxes)*
     Petition/Certification of Entry of
        Judgment on Unpaid Taxes
     Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
     above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-
        harassment)*
     Mechanics Lien
     Other Commercial Complaint
        Case *(non-tort/non-complex)*
     Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
     Governance (21)
  Other Petition *(not specified
     above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult
        Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief from Late
        Claim
     Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE: Vitrano v. Santander, et al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  X  YES CLASS ACTION?  X  YES LIMITED CASE?  YES TIME ESTIMATED FOR TRIAL 10   HOURS/ X  DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | A6070 Asbestos Property Damage | 2. |
| | | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4
LA-CV109

| SHORT TITLE: Vitrano v. Santander, et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | X  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | A6017  Legal Malpractice<br>A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | A6024  Other Employment Complaint Case<br>A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>A6019  Negligent Breach of Contract/Warranty (no fraud)<br>A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | A6002  Collections Case-Seller Plaintiff<br>A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | A6009  Contractual Fraud<br>A6031  Tortious Interference<br>A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | A6018  Mortgage Foreclosure<br>A6032  Quiet Title<br>A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Vitrano v. Santander, et al | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | A6151  Writ - Administrative Mandamus<br>A6152  Writ - Mandamus on Limited Court Case Matter<br>A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | A6141  Sister State Judgment<br>A6160  Abstract of Judgment<br>A6107  Confession of Judgment (non-domestic relations)<br>A6140  Administrative Agency Award (not unpaid taxes)<br>A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | A6030  Declaratory Relief Only<br>A6040  Injunctive Relief Only (not domestic/harassment)<br>A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | A6121  Civil Harassment<br>A6123  Workplace Harassment<br>A6124  Elder/Dependent Adult Abuse Case<br>A6190  Election Contest<br>A6110  Petition for Change of Name<br>A6170  Petition for Relief from Late Claim Law<br>A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Vitrano v. Santander, et al | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒ 1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 515 S FLOWER ST, STE 3600 |
|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90071 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2/25/2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1   Abraham J. Colman (SBN 146933)
    Felicia Y. Yu (SBN 193316)
2   Raymond Y. Kim (SBN 251210)
    REED SMITH LLP
3   355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071-1514
4   Telephone:   213.457.8000
    Facsimile:   213.457.8080
5
    Attorneys for Defendant
6   SANTANDER CONSUMER USA, INC.

7

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 0 4 2013

John A. Clarke, Executive Officer/Clerk
By: Tanaya Lewis, Deputy

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF LOS ANGELES

10                  CENTRAL CIVIL WEST COURTHOUSE

11  THOMAS VITRANO AND BELINDA          Case No.  BC501682
    VITRANO, individually, and on behalf of
12  all others similarly situated,        CLASS ACTION

13                                        DEFENDANT SANTANDER CONSUMER
              Plaintiffs,                 USA, INC.'S ANSWER TO PLAINTIFFS'
14                                        COMPLAINT
         vs.
15                                        Complaint Filed:  February 25, 2013
    SANTANDER CONSUMER USA, INC.,
16  and DOES 1 through 50, inclusive,     The Honorable Kenneth R. Freeman
                                          Dept. 310
17            Defendants.                 Central Civil West Courthouse

18

19

20

21

22

23

24

25

26

27

28

SANTANDER CONSUMER USA, INC.'S ANSWER TO COMPLAINT

US_ACTIVE-112546303.1-RYKIM

*(left margin, vertical text)* REED SMITH LLP   A limited liability partnership formed in the State of Delaware

Defendant Santander Consumer USA, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiffs Thomas Vitrano and Belinda Vitrano ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant denies each and every allegation contained in the Complaint and each alleged cause of action, and denies that Plaintiffs, or any persons alleged to be a member of the putative class, have been harmed or are entitled to any relief. Defendant further denies that Plaintiffs, or any persons alleged to be a member of the putative class, have sustained damages in the amounts alleged in the Complaint, or any other amount, or any damages at all, by reason of any act or breach on the part of Defendant or its agents, representatives or employees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The claims of Plaintiffs, or any persons alleged to be a member of the putative class, fail to allege facts sufficient to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.      The claims of Plaintiffs, or any persons alleged to be a member of the putative class, are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      The claims of Plaintiffs, or any persons alleged to be a member of the putative class, are barred by all applicable statutes of limitations, including but not limited to California Civil Procedure Code Sections 337, 338, 339, 340 and 343, and California Business and Professions Code Section 17208.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SANTANDER CONSUMER USA, INC.'S ANSWER TO COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.      Plaintiffs, or any persons alleged to be a member of the putative class, have waived any and all claims, rights and demands that they had or may have against Defendant, and any claims by Plaintiffs asserted herein are subject to that waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification/Consent)

6.      Plaintiffs, or any persons alleged to be a member of the putative class, have ratified or consented to the actions and conduct of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

7.      Plaintiffs, or any persons alleged to be a member of the putative class, fail to show that any alleged acts or omissions of Defendant caused the damages, injuries, or loss claimed by them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Complaint Moot)

8.      The Complaint and/or each cause of action therein, is barred by the doctrine of mootness.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

9.      Any damages purportedly suffered by Plaintiffs, or any persons alleged to be a member of the putative class, resulted from their own negligence, acts or conduct.

### TENTH AFFIRMATIVE DEFENSE

#### (Fault of Plaintiffs and/or Others)

10.    If Plaintiffs, or any persons alleged to be a member of the putative class, suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs, any persons alleged to be a member of the putative class, or of third parties, and not Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Damages)

11.    Plaintiffs, or any persons alleged to be a member of the putative class, did not incur any damages, injury, or loss as a result of any act or conduct by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Offset)

12.    Defendant are entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiffs, or any persons alleged to be a member of the putative class.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Innocent Mistake/Bona Fide Error)

13.    Any alleged acts or omissions of Defendant giving rise to the claims of Plaintiffs, or any persons alleged to be a member of the putative class, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendant.  Defendant, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Intent)

14.    Defendant specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiffs, or any persons alleged to be a member of the putative class.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification)

15.     The acts and omissions alleged in the Complaint were justified.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16.     The claims of Plaintiffs, or any persons alleged to be a member of the putative class, are uncertain, ambiguous, and unintelligible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.     Plaintiffs, or any persons alleged to be a member of the putative class, have failed, in whole or in part, to mitigate their alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Conformance with Applicable Standards)

18.     With respect to all matters alleged in the Complaint, Defendant at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiffs, or any persons alleged to be a member of the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19.     Defendant met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Defendant, including California Civil Code Section 2983.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

20.     Defendant substantially complied with all statutory requirements and standards, including California Civil Code Section 2983.2.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Voluntary Payment)

21.     The voluntary payment doctrine precludes Plaintiffs, or any persons alleged to be a member of the putative class, from recovering restitution for monies allegedly paid to Defendant.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim to Attorneys' Fees)

22.     The Complaint and each purported claim for relief therein fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality)

23.     California Code Section 3294 and the California Judicial Doctrine allowing open-ended extra-contractual and punitive damages for certain claims, if either is applicable herein as to Plaintiffs' claims, are invalid on its face and as applied to Defendant, as violating Article I, Sections 1, 2, 7, 9, 16 and 17, Article III, Section 3 and Article IV, Section 1 of the California Constitution; and the Ex Post Facto Clause of Article I, Section 10, Article IV, Section 2, and the First Amendment and Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Preemption)

24.     One or more of the causes of action asserted by Plaintiffs are subject to preemption by governing federal statute(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Right to Compel Arbitration)

25.     Defendant reserves its right compel arbitration of this matter, pursuant to the relevant agreement(s).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

26.     Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE Defendant prays for judgment as follows:

SANTANDER CONSUMER USA, INC.'S ANSWER TO COMPLAINT

1       1.     That Plaintiffs take nothing by reason of the Complaint;

2       2.     For its costs of suit herein;

3       3.     For attorney's fees according to proof; and

4       4.     For such other and further relief as this Court may deem just and proper.

DATED:  April 4, 2013

REED SMITH LLP

By: _____
Felicia Y. Yu
Raymond Y. Kim
Attorneys for Defendant
SANTANDER CONSUMER USA, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SANTANDER CONSUMER USA, INC.'S ANSWER TO COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant Santander Consumer USA, Inc. hereby demands a trial by jury in this action.

DATED:  April 4, 2013

REED SMITH LLP

By:
Felicia Y. Yu
Raymond Y. Kim
Attorneys for Defendant
SANTANDER CONSUMER USA, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On April 4, 2013 I served the following document(s) by the method indicated below:

**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

| | |
|---|---|
| ☐ | by transmitting via facsimile on this date from fax number (213) 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
| ☐ | by personally delivering the document(s) listed above to the person(s) listed below |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service. |
| ☐ | by transmitting via email to the parties at the email addresses listed below: |

Bryan Kemnitzer                        E-Mail: bryan@kbklegal.com
Nancy Barron                           E-Mail: nancy@kbklegal.com
Elliot Conn                            E-Mail: Elliot@kbklegal.com
**KEMNITZER, BARRON & KRIEG, LLP**
**445 Bush Street, 6th Floor**
**San Francisco, CA 94108**
**Telephone: (415) 632-1900**
**Facsimile:   (415) 632-1901**
**ATTORNEY FOR PLAINTIFFS AND THE PUTATIVE CLASS**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 4, 2013, at Los Angeles, California.

_Patty Keen_
Patty Keen

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PROOF OF SERVICE

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On April 8, 2013 I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**

☐    by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐    by emailing the document(s) listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 8, 2013, at Los Angeles, California.

_Patty Keen_

Patty Keen

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# SERVICE LIST

Bryan Kemnitzer                                  E-Mail: bryan@kbklegal.com
Nancy Barron                                     E-Mail: nancy@kbklegal.com
Elliot Conn                                      E-Mail: Elliot@kbklegal.com
**KEMNITZER, BARRON & KRIEG, LLP**
**445 Bush Street, 6th Floor**
**San Francisco, CA 94108**
**Telephone:  (415) 632-1900**
**Facsimile:    (415) 632-1901**
**ATTORNEY FOR PLAINTIFFS AND THE PUTATIVE CLASS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 2492 DMG (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

FILE COPY

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT: SANTANDER CONSUMER USA INC.; and
(AVISO AL DEMANDADO): DOES 1 through 50, inclusive.

**SCANNED**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 25 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

YOU ARE BEING SUED BY PLAINTIFF: THOMAS VITRANO AND
(LO ESTÁ DEMANDANDO EL DEMANDANTE): BELINDA VITRANO,
individually and on behalf of others similarly
situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
| --- | --- |
| LOS ANGELES COUNTY SUPERIOR COURT<br>111 N. Hill St.<br>P.O. Box 1511<br>Los Angeles, CA  90053 | BC501682 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Bryan Kemnitzer   Bar No. 066401      (415) 632-1900  (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP

San Francisco, CA  94108
DATE:                        FEB 25 2013                 Clerk, by _____ Shaunya Wesley _____, Deputy
(Fecha)                                                  (Secretario)                                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. XXX on behalf of (specify):  Santander Consumer USA Inc.

under: XXX CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):  3-8-13  2~2

| [SEAL] | |
| --- | --- |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MICHAEL VITRANO and BELINDA VITRANO, on behalf of themselves, and all others similarly situated | SANTANDER CONSUMER USA, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| KEMNITZER, BARRON & KRIEG, LLP<br>Bryan Kemnitzer (SBN 66401)<br>445 Bush St. 6th Floor, San Francisco, CA 94108 | Abraham J. Colman (SBN 146933); Felicia Y. Yu (SBN 193316)<br>Raymond Y. Kim (SBN 251210)<br>REED SMITH LLP, 355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 74,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Cal. Civ. Code 2983.2; Cal. Fair Debt Collection Practices Act, Civ. Code § 1788 et seq.; Civ. Code § 1785.25(a); Cal. Bus. Prof. Code 17200; conversion

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV13-02492

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Sylvers v. Santander Consumer USA, Inc. (C.D. Cal. Case No. 2:13-cv-00227-ABC-MRW)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Thomas Vitrano - Fresno County<br>Belinda Vitrano - Fresno County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santander Consumer USA, Inc. - Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alleged violation of Civil Code sec. 2983.2 - Fresno County<br>Alleged conversion - Fresno County |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date April 8, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071.  On April 8, 2013 I served the following document(s) by the method indicated below:

## CIVIL COVER SHEET

☐   by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  Service by fax was ordered by the Court.  The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

☐   by emailing the document(s) listed above to the person(s) at the address(es) set forth below.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on April 8, 2013, at Los Angeles, California.

*Patty Keen*

Patty Keen

1

2

## SERVICE LIST

3
4
5
6
7
8

Bryan Kemnitzer                                   E-Mail: bryan@kbklegal.com
Nancy Barron                                       E-Mail: nancy@kbklegal.com
Elliot Conn                                          E-Mail: Elliot@kbklegal.com
KEMNITZER, BARRON & KRIEG, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone:  (415) 632-1900
Facsimile:   (415) 632-1901
ATTORNEY FOR PLAINTIFFS AND THE PUTATIVE CLASS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28