1  KEMNITZER, BARRON & KRIEG, LLP
   BRYAN KEMNITZER          Bar No. 066401
2  NANCY BARRON            Bar No. 099278
   AMY TAY                 Bar No. 252600
3  445 Bush St., 6th Floor
4  San Francisco, CA  94108
   Telephone:  (415) 632-1900
5  Facsimile:  (415) 632-1901

6  TRUEBLOOD LAW FIRM
7  ALEXANDER B. TRUEBLOOD   Bar No. 150897
   10940 Wilshire Blvd., Ste. 1600
8  Los Angeles, CA  90024
   Telephone:  (310) 443- 4139
9  Facsimile:  (310) 943-2255

10 LAW OFFICES OF BRANDON A. BLOCK
11 BRANDON A. BLOCK        Bar No. 215888
   433 North Camden Dr., Ste. 600
12 Beverly Hills, CA  90210
   Telephone:  (310) 887-1440
13 Facsimile:  (310) 496-1420

14 Attorneys for Plaintiffs THOMAS VITRANO, BELINDA VITRANO, JOHN SANTOS and the
15 putative class

16

17                    UNITED STATES DISTRICT COURT

18                    CENTRAL DISTRICT OF CALIFORNIA

19

20 THOMAS VITRANO, BELINDA          Case No. 2:13-cv-02492-AB-MRW
   VITRANO, and JOHN SANTOS,
21 individually, on behalf of others similarly   CLASS ACTION
   situated,
22
                                     NOTICE OF MOTION, MOTION, AND
23            Plaintiffs,            MEMORANDUM OF POINTS &
                                     AUTHORITIES IN SUPPORT OF
24    vs.                           MOTION FOR PRELIMINARY
                                     APPROVAL OF CLASS ACTION
25 SANTANDER CONSUMER USA, INC.; and SETTLEMENT
   DOES 1 through 50, inclusive,
26                                   Date:  October 20, 2014
                                     Time:  10:00 a.m.
27            Defendants            Courtroom 790 (Roybal)
                                     Hon. André Birotte Jr.
28 _____/

**TABLE OF CONTENTS**

**NOTICE OF MOTION AND MOTION** ............................................................. 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................... 1

**I.**     **INTRODUCTION** ......................................................................................... 1

**II.**    **SUMMARY OF PERTINENT ALLEGATIONS** ............................... 2

       A.     PURCHASE AND REPOSSESSION OF THE VITRANO VEHICLES   3

             1.     The 2006 Ford Expedition .......................................... 3

             2.     The 2008 Ford Focus ................................................. 4

       B.     PURCHASE AND REPOSSESSION OF THE SANTOS VEHICLE   5

       C.     THE FORM NOTICES OF INTENT TO SELL VEHICLES ("NOI")   5

**III.**   **PERTINENT PROCEDURAL HISTORY** ............................................. 8

**IV.**   **SUMMARY OF SETTLEMENT TERMS** ............................................ 9

       A.     THE SETTLEMENT CLASS IS CLEARLY DEFINED ................... 9

       B.     CLASS RELIEF ....................................................................................... 9

       C.     COSTS, FEES, SERVICE AWARDS, ADMINISTRATION ......... 10

       D.     RELEASE .................................................................................................. 11

       E.     CLASS NOTICE ...................................................................................... 11

**V.**    **ESTABLISHED LAW SUPPORTS PRELIMINARY APPROVAL OF THIS**   11
       **SETTLEMENT**

       A.     LEGAL STANDARDS ........................................................................... 11

       B.     THE COMMON LEGAL BASIS FOR THIS CLASS ACTION ..... 14

       C.     CONDITIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE   16

             1.     Introduction ................................................................. 16

             2.     Numerosity .................................................................. 16

             3.     Typicality ..................................................................... 17

i

|  | 4. | Adequacy | 17 |
|  | 5. | Commonality | 18 |
|  | 6. | Superiority | 19 |
| D. | | THE TERMS OF THE PROPOSED SETTLEMENT ARE FAIR AND REASONABLE | 19 |
| E. | | THE PROPOSED CLASS NOTICE IS CLEAR AND ADEQUATE | 20 |
| **VI.** | | **PROPOSED SCHEDULE FOR REMAINING PROCEDURES** | 21 |
| **VII.** | | **CONCLUSION** | 22 |

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

| Federal Rule of Civil Procedure 23 | 12,22 |
| Federal Rule of Civil Procedure 23(a) | 16 |
| Federal Rule of Civil Procedure 23(a)(1) | 17 |
| Federal Rule of Civil Procedure 23(a)(2) | 18 |
| Federal Rule of Civil Procedure 23(a)(3) | 17 |
| Federal Rule of Civil Procedure 23(a)(4) | 17 |
| Federal Rule of Civil Procedure 23(b)(3) | 1,2,19,22 |
| Federal Rule of Civil Procedure 23(c)(2)(B) | 20 |
| Federal Rule of Civil Procedure 23(e) | 1,11 |
| Federal Rule of Civil Procedure 23(e)(3) | 9 |

### FEDERAL CASES

| *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) | 20 |
| *Gay v. Waiters' & Dairy Lunchmen's Union* 489 F.Supp. 282 (N.D. Cal. 1980), *aff'd* 694 F.2d 531 (9th Cir. 1982) | 17 |
| *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) | 12,13,16,17,18,19,20 |

ii

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Preliminary Approval of Class Action Settlement

*Hansberry v. Lee*, 311 U.S. 32 (1940)      12

*In re Pacific. Enterprises Securities. Litigation*, 47 F.3d 373, 378 (9th Cir. 1995).      18

*Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338 (9th Cir.1980)      21

*Nat'l Rural Telecoms Coop. v DIRECTV, Inc*, 221 F.R.D. 523 (C.D. Cal.2004)      13

*Officers for Justice v.  Civil Service Commission of San Francisco*, 688 F.2d 615 (9th Cir. 1982)      13,16,20

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)      12

*Rodriguez v West. Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009)      13

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976)      12

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987)      17

**CALIFORNIA STATUTES**

Business & Professions Code §17200, *et seq.*      3

Civil Code §2981, *et seq.*      3,9,14

Civil Code §2983.2      15

Civil Code §2983.2(a)      1,3,5,17,18

Civil Code §§2983.2(a)(1)-(a)(9)      4,5,15

Civil Code §2983.2(a)(1)      6

Civil Code §2983.2(a)(2)      6

Civil Code §2983.2(a)(4)      7

Civil Code §2983.2(a)(6)      7

Civil Code §2983.8      15

**CALIFORNIA CASES**

*Bank of America v. Lallana* (1998) 19 Cal.4th 203      15

*Bratta v Caruso* (1958) 166 Cal.App.2d 661      14

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Preliminary Approval of Class Action Settlement

*Carter v. Seaboard Finance Company* (1949) 33 Cal.2d 564 ... 14

*Cerra v. Blackstone* (1985) 172 Cal.App.3d 604 ... 14

*Hernandez v. Atlantic Finance Co* (1980) 105 Cal.App.3d 65 ... 14,15

*Juarez v. Arcadia Financial Limited* (2007) 152 Cal.App.4th 889 ... 6,7,15

*McGhee v. Bank of America* (1976) 60 Cal.App.3d 442 ... 17

## OTHER AUTHORITIES

4 *Newberg on Class Actions* (4th ed. 2002) §11.22, *et seq.* ... 12

4 *Newberg on Class Actions* (4th ed. 2002) §11.22 ... 16

4 *Newberg on Class Actions* (4th ed. 2002) §11.25 ... 13

4 *Newberg on Class Actions* (4th ed. 2002) §11.41 ... 12

4 *Newberg on Class Actions* (4th ed. 2002) §11.50 ... 14

*Final Report of the Assembly Interim Committee on Finance and Insurance*, at p. 7, 1 Appendix to Journal of the Assembly (1961 Reg.Sess.) ... 14

*Manual for Complex Litigation, Fourth* (Fed. Judicial Center 2004) ("*Manual*") §13.14 ... 12,16

iv

Notice of Motion, Motion, and Memorandum of Points & Authorities in Support of Motion for Preliminary Approval of Class Action Settlement

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 20, 2014, 2014 at 10:00 a.m. in Courtroom 790, 255 East Temple Street, Los Angeles, CA, 90012-3332, Plaintiffs THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS, on behalf of themselves and the settlement class they represent, will and hereby do move, pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(e), for an order of Preliminary Approval of Class Action Settlement.  This motion will be based on this Notice and Motion, the following Memorandum of Points and Authorities, the Declaration of Nancy Barron, filed herewith, and Exhibits thereto including the Settlement Agreement and Class Notice, the Declaration of Bryan Kemnitzer, filed herewith, and Exhibits thereto, the Declaration of Brandon A. Block, filed herewith, the Declaration of Alexander Trueblood, filed separately, and the Proposed Order filed herewith.

Plaintiffs seek certification of the Settlement Class, Preliminary Approval of the Settlement and Class Notice, an order establishing the schedule for procedures up to and including the Final Approval hearing, and implementation of the terms of the Settlement Agreement.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### INTRODUCTION

This class action, brought by THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS (hereafter "Plaintiffs"), on behalf of themselves and other similarly situated consumers, challenge the adequacy of statutorily mandated notices that SANTANDER sent to California borrowers in connection with the repossession of their vehicles.  Plaintiffs contend that defendant SANTANDER sent uniform Notices of Intent to Dispose of Motor Vehicles (commonly referred to as "NOI") that failed to comply with the Rees-Levering Sales Finance Act, Civil Code §2983.2(a). The legal effect of a defective NOI is that the lender is barred from collecting any deficiency owed after a post-repossession sale.

Defined in ¶2.18 of the Settlement Agreement,[1] the "Settlement Class" consists of all persons who:

(a) purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, et seq.;

(b) whose motor vehicle was repossessed or voluntarily surrendered;

(c) who were issued a NOI by SANTANDER from July 1, 2011 to July 31, 2014 or to whom SANTANDER failed to provide an NOI within 60 days of repossession; and

(d) against whose account a Deficiency Balance was assessed.

In this case, there are 30,626 class members who meet this definition. The total outstanding deficiency for the settlement class is approximately $199,407,884.00. Santander further affirms that Santander has collected approximately $712,778.00 in Deficiency Balances from Settlement Class members. ¶5.01.

The parties have agreed to settle, with specific and substantial benefits to the identified class, a clear and concise description of which appears in the proposed Class Notice, as well. The proposed Class Notice is attached to the Settlement Agreement as Exhibit B.

As more fully discussed below, the proposed settlement satisfies all of the criteria for preliminary settlement approval. Moreover, the proposed Settlement Class is appropriate for certification under Federal Rules of Civil Procedure, Rule 23(b)(3). Accordingly, Plaintiffs move the Court to conditionally certify the proposed Settlement Class, grant preliminary approval of the Settlement, direct distribution of notice to the Class, and schedule a final approval hearing.

## II
## SUMMARY OF PERTINENT ALLEGATIONS

The facts that give rise to this action are essentially undisputed, despite the parties' differences as to the legal effect of those facts. Defendant is engaged in the business of providing

---

[1] All paragraph references (¶) are to the Settlement Agreement, Declaration of Nancy Barron, Exhibit 1, unless otherwise noted.

financing to vehicle purchasers, and in debt collection on such accounts.  During the class period, SANTANDER repossessed the financed vehicles of Plaintiffs and class members due to their alleged failure to make payments due on their loans, and then sent all class members standard form NOI similar to the ones sent to Plaintiffs, which required the borrowers to phone SANTANDER to ascertain all conditions precedent to reinstatement, and which were deficient in other similar respects.  Plaintiffs allege this requirement, and the other deficiencies in the NOI violated the California Rees Levering Act, Civil Code §2983.2(a), triggering the anti-deficiency rule.  Nonetheless, SANTANDER sold the vehicles, and then SANTANDER demanded, collected, or attempted to collect, the difference between the sales price and the balance of the loan (the "Deficiency Balance").

The First Amended Complaint states causes of action violation of the Unfair Competition Law, Business & Professions Code §17200, *et seq.* (1st Cause of Action) and violation of the Rees-Levering Act, Civil Code §2981, *et seq.,* also known as the Automobile Sales Finance Act or ASFA (2nd Cause of Action).  Defendant denied the allegations and mounted an energetic defense to the claims.

A.     **PURCHASE AND REPOSSESSION OF THE VITRANO VEHICLES**

1.     **The 2006 Ford Expedition**

Thomas Vitrano and Belinda Vitrano purchased a new 2006 Ford Expedition in 2008.  The dealership arranged financing for the purchase, and assigned the conditional sale contract to HSBC Auto Finance.  The conditional sale contract is a preprinted form agreement, regulated by the Rees-Levering Act.  Santander purchased HSBC in 2010, and, in the process, took assignment of the Vitranos' conditional sale contract.   The Vitranos thereafter made payments on the car loan to Santander, but due to family financial problems, fell behind in payments.

Santander repossessed the Vitranos' 2006 Ford Expedition in October 2012.  Santander

mailed the Vitranos a written document dated October 18, 2012, titled "Notice of Intention to Dispose of Motor Vehicle," (e.g., "NOI") stating that the 2006 Ford Expedition had been repossessed and would be sold unless they redeemed the vehicle by paying the full balance remaining on the loan, or paid a certain amount to reinstate the contract.  However, the statutory NOI did not contain several of the disclosures mandated by Civil Code §§2983.2(a)(1)-(a)(9). The Vitranos were unable to recover their 2006 Ford Expedition.  Santander then sold it, and assessed a deficiency balance against them.

### 2.    The 2008 Ford Focus

Thomas and Belinda Vitrano purchased a new 2008 Ford Focus in 2008.  The dealership arranged financing for the purchase, and assigned the conditional sale contract to Citi Financial.  In 2010, Santander purchased Citi Financial and, in the process, took assignment of the Vitranos' conditional sale contract.  Thereafter, the Vitranos made payments to Santander.  As with the 2006 Expedition, they fell behind in payments and Santander repossessed it in October 2012.

Thomas and Belinda Vitrano never received a received an NOI from Santander with regard to the 2008 Ford Focus.  Accordingly, the Vitranos were unable to recover the 2008 Ford Focus, which Santander then sold and, on that basis, assessed a deficiency balance against the Vitranos. Santander then falsely represented to Thomas and Belinda Vitrano that they owed this deficiency balance when in fact they did not because of Santander's noncompliance with the Rees-Levering Act.

Thomas and Belinda suffered injury in fact and lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of Santander.  Specifically, because Plaintiffs could not recover their vehicle, they no longer have any vehicles.  They had to spend $325.00 to get back their personal property after repossession.  They have paid money to acquaintances to take them to various places, and their credit has been damaged.  They have applied for credit, but as a

1   result of the deficiency on their credit report, they have been denied credit.

2   **B.     PURCHASE AND REPOSSESSION OF THE SANTOS VEHICLE**

3          John Santos purchased a used 2003 BMW 745Li on June 26, 2006.  The dealership arranged

4   financing of the purchase and assigned the conditional sales contract to HSBC Auto Finance.  In

5   2010, Santander purchased HSBC Auto Finance and in the process took assignment of Santos'

6   conditional sale contract.  Thereafter, Santos made payments on the car loan to Santander.

7   However, at some point he fell behind.  Santander repossessed John Santos' 2003 BMW 745Li in

8   May 2013.  Santander mailed John Santos a written document dated May 15, 2013 titled "Notice of

9   Intention to Dispose of Motor Vehicle" stating that the 2003 BMW 745Li had been repossessed.

10  However, Santander's statutory NOI did not contain several of the disclosures mandated by Civil

11  Code §§2983.2(a)(1)-(a)(9).  John Santos attempted to reinstate the contract to get the 2003 BMW

12  745Li back, but was unable to recover it.  Santander sold the vehicle and assessed a deficiency

13  balance against him.

14         John Santos suffered injury in fact and has lost money and property as a result of the

15  unlawful, unfair, and fraudulent acts of Santander challenged herein.  Specifically, because Santos

16  could not recover his vehicle, he no longer has use and possession of the vehicle, which he needed

17  to maintain a job.  Furthermore, his credit has been damaged as a result of the assessment of the

18  deficiency; he has paid more money on interest on credit cards and has been denied extension of

19  credit.

20  **C.     THE FORM NOTICES OF INTENT TO SELL VEHICLES ("NOI")**

21         Plaintiffs allege (First Amended Complaint ("FAC"), ¶30) the standard forms of NOI that

22  SANTANDER and its agents issued to each of the named Plaintiffs following the repossession of

23  their vehicles allegedly failed to comply with the Rees-Levering Act, California Civil Code

24  §2983.2(a) in one or more of several respects:

(a)     **Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to Redeem the vehicle**

The NOI must inform the borrowers "that those persons shall have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provides an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and sets forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice." The subject NOI fails to comply with the requirements of this provision, because it fails to itemize the collection or repossession costs, fails to set forth the precise amount for storage fees, and fails to set forth the precise amount for transportation fees. Thus, the consumer cannot ascertain how much to pay at any point during the redemption period or the extension thereof in order to redeem the vehicle. Santander appears to recognize the inaccuracies because the NOI states "You may call us at the telephone number at the top of this notice to confirm the exact amount due on the date you redeem." The consumer should not be required to make further inquiries per the holding in *Juarez v. Arcadia Financial Limited* (2007) 152 Cal.App.4th 889,904.

(b)     **Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate the Contract.**

The NOI must inform borrowers "either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provides a statement or reasons therefore." Santander's statutory notice fails to state all of the "conditions precedent" to reinstatement, because it fails to disclose when the next payment becomes due, fails to disclose when each late charge becomes due, fails to set forth the precise amount for storage fees, and fails to set forth the precise amount for transportation fees. When the Vitranos attempted to reinstate the

contract and obtain their vehicle, they were told that they had to pay $325 to get back their personal property, pay a transportation fee for taking the car from Yucaipa to an auction in Anaheim, provide references, pay a fee to the auction company, and provide proof of insurance.  None of these conditions precedent to reinstatement are set forth in the NOI.

"[I]n requiring creditors to state 'all the conditions precedent' to reinstatement, the Legislature intended that creditors provide sufficient information to defaulting buyers to enable them to determine precisely what they must do in order to reinstate their contracts." *Juarez v. Arcadia Financial, Ltd.* (2007) 152 Cal.App.4th 889, 899.  The subject thus violates Civil Code §2983.2(a)(2), because it requires the consumer to make further inquiry as opposed to setting forth the exact amount needed to reinstate on any particular day.

**(c)** **Violation of Civil Code §2983.2(a)(4), Regarding location of where the vehicle is to be picked up upon redemption or reinstatement.**

Financial institutions are required to "disclose the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement."  The Santander notice states that "if you redeem the vehicle it will be returned to you at CA-92399 YUCAIPA, 39691 AVE EAST YUCAIPA, CA 92399."  That address is false.  When the Vitranos attempted to pick up their vehicle at that address, they only received their personal property.  The car was not at that location, but rather at the Manheim Auto Auction in Anaheim, CA.

**(d)** **Violation of Civil Code §2983.2(a)(6), Pertaining to the Provision of Notice to the Consumer that Upon a Request for an Extension the Disposition of the Vehicle Will be Extended Accordingly.**

Civil Code §2983.2(a)(6) requires the holder to inform the consumer that upon written request to extend the redemption and/or reinstatement period, the sale date for disposition of the vehicle will be extended for an additional 10 days without further notice.

The subject NOI fails to state that the sale date for disposition of the vehicle will be extended and accordingly it violates Civil Code §2983.2(a)(6).

Given insufficient information to know just what they were supposed to do, and required to provide additional personal information not authorized by law, Plaintiffs did not exercise their rights to reinstate or redeem their vehicles. Santander sold the vehicles and assessed deficiencies against them. Substantively similar NOI forms were sent to the proposed settlement class.

### III
### PERTINENT PROCEDURAL HISTORY

Plaintiffs Thomas and Belinda Vitrano filed a class action complaint against Santander in Los Angeles Superior Court on February 25, 2013. On April 8, 2013, Santander removed the case to federal court pursuant to the Class Action Fairness Act. The Vitranos filed a motion for leave to file a first amended complaint on October 24, 2013 after Santander did not agree to a stipulation. The motion was granted on November 13, 2013. On November 20, 2013, the Vitranos filed a First Amended Complaint (FAC) to add John Santos as an additional class representative. Santander answered the FAC on December 9, 2013.

Counsel for the present plaintiffs and the proposed settlement class had previously filed a class action case against Santander for similar statutory violations. That case is entitled *Wimberly v Triad Financial Corp*, Orange County Superior Court, Case No. 30-2008-00059511. The class was defined, in pertinent part as California consumers to whom Triad (or its successor Santander Consumer USA) had issued NOI from April 8, 2004 to December 1, 2009. Final Judgment approving the settlement of that class action was entered on or about July 22, 2013. Declaration of Bryan Kemnitzer, ¶¶22 and Ex. B , filed herewith. As this class period does not commence until July 1, 2011 (see ¶2.18) there is no conflict between the two.

The parties mediated this case before the Hon. Edward Infante of JAMS on May 20, 2014, and thereafter continued to negotiate the final terms of settlement. The settlement agreement was signed by the parties and counsel on or about September 11, 2014. This motion follows. All conditions for approval have been met and the parties request that this Court issue the proposed

order of preliminary approval, so that notice may be issued and the matter move toward final approval and distribution.

**IV**

**SUMMARY OF SETTLEMENT TERMS**

Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(3), Plaintiffs submit the following statement identifying the terms of settlement.  The executed settlement agreement itself is attached as Exhibit 1 to the Declaration of Nancy Barron filed herewith.

**A.    THE SETTLEMENT CLASS IS CLEARLY DEFINED**

Defined in ¶2.18, the "Plaintiff Settlement Class" means "all consumers who:

(a) purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, et seq.;

(b) whose motor vehicle was repossessed or voluntarily surrendered;

(c) who were issued a NOI by Santander from July 1, 2011 to July 31, 2014 or to whom Santander failed to  provide an NOI within 60 days of repossession; and

(d) against whose account a Deficiency Balance was assessed.

**B.    CLASS RELIEF**

Each settlement Class Member will receive actual, concrete and immediate benefits of the settlement.  Immediately upon execution of the Settlement Agreement, Santander agrees to cease collection on all Settlement Class Members' accounts. Santander shall recall the accounts of Settlement Class members from any internal collection departments; shall recall and/or repurchase the account of any Settlement Class members that were assigned to any outside collection agencies; shall recall any accounts of Settlement Class members that have been assigned to legal counsel; and shall dismiss any pending legal action against any Settlement Class member. ¶¶3.03; 5.03(b). These features alone offer huge benefits to the class.

Based upon the corporate declaration of Wayne Nightengale, dated August 29, 2014 (*See* Exhibit 2 to the Barron Declaration, filed herewith), the current class statistical information is as

9

follows:

    (a)     There are 30,626 individuals who meet the criteria definition of the proposed class,

    (b)     SANTANDER collected approximately $712,778.00 in payment toward deficiency balances from those individuals,

    (c)     the total outstanding deficiency is $199,407,884.00.

Santander shall identify the accounts for Settlement Class members where a Deficiency Balance was assessed, and shall change those account records to reflect a zero balance for each such account. (¶5.03(a))  Santander and its agents shall stop all collection activity on the class members' accounts. (¶¶3.03, 5.03(b)) It shall take specified steps to notify all pertinent credit reporting agencies to delete the applicable trade lines to repair credit damage. (¶5.03(c))

In addition, the Settlement Agreement requires that Santander will issue refund checks to eligible Settlement Class members who paid any amount on their Deficiency Balances.  The amount refunded shall consist of 60% of amounts paid by the eligible Settlement Class member toward his or her Deficiency Balance. This restitutionary relief is automatic without any claims process whatsoever. (¶5.02)

## C.    COSTS, FEES, SERVICE AWARDS, ADMINISTRATION

Santander will also pay all costs of administration in connection with notice and distribution of class relief. (¶5.05)

Santander has agreed to pay each class representative a service award of $2,500, commensurate with his or her participation and service to the class, separate and above the relief to the class members, upon approval of the court. (¶5.06)

Santander agrees that Plaintiffs and the Settlement Class are prevailing parties for purposes of an award of fees and costs.  Subject to approval by the court, Santander agrees to pay Class Counsel the sum of $350,000.00 in attorneys' fees and costs.  The fees will be paid separate and

apart from class recovery, and in no way will deplete the distribution or any other benefit to the class. (¶5.08)

**D.      RELEASE**

Subject to the Court's retaining jurisdiction to enforce the terms of the Settlement Agreement, upon final approval, the parties execute releases as a part of the final resolution of this matter. The class representatives' release is broader in scope than that of the unnamed class members. (Compare ¶¶5.09, 5.10) The class notice clearly apprises the Settlement Class of the releases. (¶3.02, Exhibit B)

**E.      CLASS NOTICE**

The proposed Class Notice is attached to the Settlement Agreement as Exhibit B.  It provides the opportunity for Class Members to object or to exclude themselves for 45 days after the notice is mailed and before the final fairness hearing (¶3.10-3.12).  The full fee petition will be filed before the date to opt out or object. (¶4.02) The parties have agreed that the Class Notice will be mailed by the Class Administrator according to the schedule established by this Court at the time of Preliminary Approval. (¶¶ 3.06, 3.10).  The Proposed Preliminary Approval Order is attached as Exhibit A to the Settlement Agreement and submitted herewith. *See,* Barron Decl., Exh 1.

All of the settlement terms are subject to the approval of this Court.  In the event the Settlement Agreement is not approved, it shall be null and void, and the parties will proceed to trial and judgment.  The settlement provides substantial and significant benefits to all of the settlement Class Members, is fair and reasonable, and should be given conditional approval, so that the matter can proceed to Class Notice and ultimately to distribution.

**V**

**ESTABLISHED LAW SUPPORTS PRELIMINARY APPROVAL OF THIS SETTLEMENT**

**A.      LEGAL STANDARDS**

Federal Rules of Civil Procedure, Rule 23(e) regulates the approval procedures for class

action settlements to protect the due process rights of absent class members.  For a class judgment

to bind an absent class member, due process requires that all class members receive adequate notice

and representation by the class representative. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812

(1985); *Hansberry v. Lee,* 311 U.S. 32, 42-43 (1940); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011,

1020 (9th Cir. 1998).  The law favors settlement, particularly in class actions where substantial

resources can be conserved by avoiding the time, cost, and rigors of formal litigation.  *See,* 4

*Newberg on Class Actions* (4th ed. 2002) §11.41; *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943,

950 (9th Cir. 1976).  Judicial proceedings under Federal Rules of Civil Procedure, Rule 23 have led

to a defined procedure and specific criteria for settlement approval in class action settlements,

described in the *Manual for Complex Litigation, Fourth* (Fed. Judicial Center 2004) ("*Manual*")

§13.14, pp 172-173.  "This usually involves a two-stage procedure. First, the judge reviews the

proposal to determine whether it is sufficient to warrant public notice and a hearing. If so, the final

decision on approval is made after hearing." *Id.*; §§21.632-21.634, pp. 320-322.  These procedures,

endorsed by class action commentator Herbert Newberg, safeguards class members' procedural due

process rights and enables the Court to fulfill its role as the guardian of class interests.  *Newberg*

§11.22, *et seq.*

> The preliminary evaluation of the fairness of class action settlements is governed by the

factors laid out in *Hanlon v Chrysler, supra,* at p 1026 (the "Hanlon factors"), namely,

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration
> of further litigation; the risk of maintaining a class action status throughout the trial;
> the amount offered in settlement; the extent of discovery completed and the stage of
> the proceedings; the experience and views of counsel; the presences of a
> governmental participant; and the reaction of the class members to the proposed
> settlement.

The court looks at the overall settlement, not isolated provisions, to determine only whether the

proposed settlement is within the range of possible approval, and thus whether notice to the class of

the settlement terms and conditions, and the scheduling of a formal fairness hearing, are

worthwhile.  4 *Newberg* §11.25.  To grant preliminary approval of this class action settlement, the Court need find only that the settlement falls within the range of possible final approval, viewing the likelihood of success on the merits and the range of possible recovery and outcomes. *Rodriguez v West. Publishing Corp.*, 563 F.3d 948, 964-965 (9th Cir. 2009); *see also*, 4 *Newberg* §11.25.  The *Manual* advises, "[T]he settlement must be fair, reasonable, and adequate," and lists a number of criteria for the court's consideration.  Among these, the court is to evaluate "the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members."  The court may compare the settlement to the maximum theory of damages, but a settlement that offers a lesser amount of the potential recovery does not mean the settlement is not fair, particularly where monetary relief is just one form of remedy obtained by the compromise. *Hanlon v. Chrysler, supra,* 150 F.3d at 1027, and *Officers for Justice v.  Civil Service Commission of San Francisco,* 688 F.2d 615, 628 (9th Cir. 1982).

Here, the outcome at trial is uncertain.  In contrast, the settlement grants the entire class certain and automatic relief from deficiency debt, even for those who have paid nothing toward that debt to date, and further gives automatic restitutionary relief of 60% to those who have paid some amount toward that deficiency.  All Settlement Class Members have the burden of this crushing debt load relieved from their shoulders along with appropriate credit repair.  The settlement provides all of this without the delay and certainty of a full-blown trial.  There is no claims process.  There is no other related, pending class action that would be affected by this settlement.  Finally, the Notice clearly apprises the class of their rights and all Settlement Class Members have the opportunity to exclude themselves, or object, if they like.

Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecoms Coop. v*

*DIRECTV, Inc,* 221 F.R.D. 523, 526 (C.D. Cal.2004) (quoting 4 *Newberg.* §11.50 at 155 (4th Ed. 220).

The proposed Settlement falls well within the range of reasonableness described by the cases and commentators. It is fair, reasonable and adequate in every respect.

## B.     THE COMMON LEGAL BASIS FOR THIS CLASS ACTION

This lawsuit arises out of the mandatory notice and anti-deficiency provisions of the Rees-Levering Act, Civil Code §2981, *et seq.,* which provides statutory protection for consumers buying vehicles on credit. Removed to this court under the Class Action Fairness Act, the merits of the principal claim rely on this California law. That statute has, for nearly fifty years, represented California's strong interest in consumer protection. Effective 1962, the Rees-Levering Act replaced the 1945 Automobile Sales Act, "and was designed to provide a more comprehensive protection for the unsophisticated motor vehicle consumer." *Hernandez v. Atlantic Finance Co* (1980) 105 Cal.App.3d 65, 69-70. Previously, courts struggled to hold the formal requisites of the predecessor statute to be mandatory (e.g., *Carter v. Seaboard Finance Company* (1949) 33 Cal.2d 564, 573; *Bratta v Caruso* (1958) 166 Cal.App.2d 661, 664), but the Rees-Levering Act was enacted to eliminate any doubt about the legislature's broad consumer protection intent. *Cerra v. Blackstone* (1985) 172 Cal.App.3d 604, 607-609. The statute has been amended numerous times, but always increasing the protections to California consumers.

The public policy underlying the Rees-Levering Act recognizes the importance of vehicles to individual consumers. "The sale of automobiles is particularly important because of the very size, for the great majority of families, of the economic decision involved in the purchase of an automobile. Such a purchase is second in importance to a family only to the purchase of a home." *Final Report of the Assembly Interim Committee on Finance and Insurance,* at p. 7, 1 Appendix to Journal of the Assembly (1961 Reg.Sess.)

Thus to promote these important public policies, courts strictly enforce the mandatory notice formalities and requirements prescribed by the Rees-Levering Act. *Hernandez v. Atlantic Finance Co.* (1980) 105 Cal.App.3d 65, 69-70. "[T]he rule and requirement are simple. If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment." *Bank of America v. Lallana* (1998) 19 Cal.4th 203, 215 (internal citation omitted).

In order to protect consumers' valuable property interests in financed vehicles, the Rees-Levering Act, Civil Code §2983.2(a)(1) through (9), details the information creditors must provide to buyers in the NOI. The disclosures are intended to afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to reinstate the contract by bringing the loan current, or to redeem the contract by paying off the full balance due. Either way, the consumer is entitled to precise information as to the amount to be paid, the exact place and manner in which it must be paid, and the date by which such payment must be made in order to obtain return of the vehicle. *Juarez v. Arcadia Financial, Ltd.* (2007) 152 Cal.App.4th 889.

If any one of the mandated disclosures is missing, or does not strictly comply with the law, the lender is absolutely barred from collecting from the borrower any deficiency remaining after disposition of the vehicle. Civil Code §§2983.2, 2983.8; *Bank of America v. Lallana* (1998) 19 Cal.4th 203, 215. Substantial compliance is not sufficient. *Id; Juarez v. Arcadia Financial, supra* p. 909.

In the instant case, Plaintiffs allege that Santander's standard form NOI was defective; and Santander is denied any right to a deficiency from any Class Member.

In the litigation, Santander strongly denied the allegations and contends its form and conduct comply with the law. It mounted a steep defense and was zealously represented by counsel experienced in financial litigation. Given these postures and positions, in the approval process, the

Court's consideration of the likelihood of success on the merits is "nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice v. Civil Service Commission of San Francisco, supra,* at 625.

## C.   CONDITIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE

### 1.   Introduction

Plaintiffs request that the Court conditionally certify the proposed Settlement Class, defined in accordance with the Settlement Agreement. (¶2.18)

Conditional class certification of the Settlement Class is appropriate at the preliminary approval stage where, as here, the proposed Settlement Class as it is defined in the parties' Settlement Agreement has not previously been certified by the Court and the requirements for certification are met. 4 *Newberg* §11.22. The purpose of the preliminary fairness review and conditional class certification is to facilitate distribution to all Settlement Class members of notice of the terms of the proposed Settlement and the date and time of the final approval hearing. *See Manual* §§13.14, 21.632 through 21.633.

The Federal Rules of Civil Procedure have established several requirements for obtaining class certification:  numerosity, typicality of the class representatives' claims, adequacy of representation, predominance of common issues, and superiority.  Federal Rules of Civil Procedure, Rule 23(a); *Hanlon v. Chrysler, supra,* at 1019.  This proposed Settlement Class meets all of the requirements of certification for settlement purposes.  The primary elements required for class certification are the subject of stipulation set forth in the Settlement Agreement itself (¶3.01), were verified through discovery and investigation (Kemnitzer Decl., ¶¶25-26), as well as the corporate Declaration of Wayne Nightengale (Barron Decl., Exh. 2).

### 2.   Numerosity

With approximately 30,626 Plaintiff Settlement Class Members entitled to an elimination of

alleged aggregate debt of approximately $199,407,884.00, and an additional $427,667.00 or so

(60% x $712,778.00) in cash refunded to that portion of the Class Members who paid some amount

toward their deficiencies, the class is sufficiently numerous that joinder of all members would be

impracticable. *Gay v. Waiters' & Dairy Lunchmen's Union* 489 F.Supp. 282 (N.D. Cal. 1980), *aff'd*

694 F.2d 531 (9th Cir. 1982); Federal Rules of Civil Procedure, Rule 23(a)(1).

### 3.     Typicality

Similarly, the typicality requirement is met if the claims of the named representatives are

typical of those of the class, though "they need not be substantially identical." *Hanlon, supra,* 150

F.3d at 1020.  The claims of the named representatives in this case are typical of the claims of the

whole class, because they arise from the same factual basis and are based on the same legal theory

as those applicable to the Class Members. *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal.

1987).  Factual differences may exist between the class representatives and the class members so

long as the claims arise from the same events or course of conduct and are based on the same legal

theories. *Hanlon v. Chrysler, supra,* at 1020; *Wehner, supra,* 117 F.R.D. at 644.  The representative

plaintiffs and the proposed Class Members claim that Santander engaged in unlawful practices by

sending standard printed form NOI that violated the Rees-Levering Act, Civil Code §2983.2(a).  All

Class Members' claims thus arise from the same set of facts and same legal theories.  The typicality

requirement, therefore, is also satisfied. Federal Rules of Civil Procedure, Rule 23(a)(3).

### 4.     Adequacy

The adequacy requirement is met if the named representatives and their counsel have no

interests adverse to those of the proposed class members and are committed to vigorously

prosecuting the case on behalf of the class. *Id.,* Federal Rules of Civil Procedure, Rule 23(a)(4);

*Hanlon v. Chrysler, supra,* at 1020; *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450-51.

Those standards are met here.  Plaintiffs' interests in prosecuting the case and obtaining the most

beneficial recovery possible fully comport with the interests of the class.  Class Counsel know of no other related pending class actions.  Finally, the Class Notice notifies the Settlement Class that any Class Member who wishes to "opt out" of the Settlement may do so.  Or they may object.  There is, therefore, no conflict of interest between the named representatives and Class Members.  In addition, throughout this litigation, Plaintiffs and their counsel have demonstrated their commitment to vigorously prosecuting the case on behalf of the class.  Plaintiffs and the Class are represented by competent class counsel.  Declarations of Bryan Kemnitzer, ¶¶47-49, and Nancy Barron, ¶¶12-18, filed herewith.  "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pacific. Enterprises Securities. Litigation*, 47 F.3d 373, 378 (9th Cir. 1995).  The adequacy requirement is met.

### 5.    Commonality

The commonality requirement is met if common questions of law or fact predominate in the litigation.  *Hanlon v. Chrysler*, *supra*, at 1019.  The test is whether the proposed class is sufficiently cohesive to warrant adjudication by representation.  *Id.,* at 1022.

Here, the proposed Class Members' claims flow from common issues:  whether or not Santander's statutory NOI sent pursuant to Civil Code §2983.2(a) failed to provide the disclosures required by the Rees-Levering Act, Civil Code §2983.2(a), and whether as a result, Santander is barred from collecting deficiency balances from any of the named Class Representatives and each of the other settlement Class Members.  This common legal theory is more fully explained above.

Santander does not dispute that it sent standard form NOI to thousands of consumers, including Plaintiffs and the proposed class.  Under these circumstances, the commonality requirement is satisfied.  *Hanlon v. Chrysler*, *supra,* at 1019-20. Federal Rules of Civil Procedure, Rule 23(a)(2).  Indeed, Santander stipulates to the number of identifiable similarly situated

individuals in the executed Settlement Agreement itself. ¶5.01. Thus, the proposed Settlement

Class is sufficiently cohesive, because all Class Members share a "common nucleus of facts and

potential legal remedies." Common questions about the legality of defendant's repossession

practices predominate over individual questions, and class certification is authorized under Federal

Rules of Civil Procedure, rule 23(b)(3).

### 6.      Superiority

Class resolution is superior to other available methods for the fair and efficient adjudication

of the present controversy. The superiority requirement involves a "comparative evaluation of

alternative mechanisms of dispute resolution." *Hanlon, supra,* 150 F.3d at p. 1023. Here, as in

*Hanlon,* the alternative methods of resolution are individual claims for a relatively small amount of

damages. These claims "would prove uneconomic for a potential plaintiff," because "litigation

costs would dwarf potential recovery." *Id.* Moreover, the anti-deficiency rule that underlies the

merits of this action is a statutory claim of which most affected California borrowers are not aware.

For these reasons, in this case, as in *Hanlon,* a class action settlement is the preferred method of

resolution.

### D.    THE TERMS OF THE PROPOSED SETTLEMENT ARE FAIR AND REASONABLE

The proposed settlement will give substantial benefits to the Settlement Class. It offers

Class Members nearly all of the relief to which they would be entitled should they prevail in a trial

of this matter. It compensates the named representatives, recognizes the contribution of class

counsel, and at the same time provides a fair scope of relief to the defendants. There is no reason

why the compromise should not be approved.

The parties negotiated the proposed Settlement Agreement in good faith and at arm's length.

The parties engaged in formal and informal discovery for the purposes of settlement. As a result,

Plaintiffs' counsel had sufficient documents and information to assess the strengths and weaknesses

of the claims and the benefits of the proposed Settlement under the circumstances of this case.  The

parties considered the possible range of outcomes, were this case to go to trial, and possibly appeals.

Declaration of Bryan Kemnitzer, filed herewith, ¶8.

The record before the court thus satisfies the requirement for preliminary certification of the

class. *Officers for Justice v. Civil Service Commission of San Francisco, supra*, 625. While all sides

litigated the strengths and merits of their respective parties, there was not 100% certainty of victory

for any party.  Despite the strength of the evidence against them, the defendant vociferously denies

its liability and contends that, even if it were liable under California law, federal preemption

absolves them of responsibility to the class under the facts alleged.  Were Santander to prevail on

that theory, the class would get nothing.  On the far side of the spectrum, were the plaintiffs to

prevail, Santander would have to pay 100% of the money every Class Member paid toward the

deficiency, with prejudgment interest.

**E.      THE PROPOSED CLASS NOTICE IS CLEAR AND ADEQUATE**

The parties propose a Class Notice in the form attached to the Settlement Agreement,

Exhibit B.  Barron Decl., Ex. 1(B)  It follows Federal Rules of Civil Procedure, Rule 23(c)(2)(B),

which  requires "best notice practicable under the circumstances."  The notice should "concisely

and clearly state in plain, easily understood language" all of the following:  the nature of the action,

class definition, a general statement of the class claims and issues, that a class member may enter an

appearance through counsel if desired, the right and manner of exclusion or objection, and the

binding effect of class judgment (release).  The notice should provide "absent class members ... with

the opportunity to opt-out and individually pursue any state law remedies that might provide a better

opportunity for recovery." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir.

2004), citing *Hanlon v. Chrysler, supra,* at 1025.  Notice is satisfactory if it "generally describes the

terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and

to come forward and be heard." *Mendoza v. Tucson School Dist. No. 1,* 623 F.2d 1338, 1352 (9th Cir.1980).

The notice prepared by counsel in this case is drafted in clear, concise, everyday language, with a minimum of legalese. It provides a clear statement explaining how to tell whether a consumer is a class member, the total amount and nature of relief, how further information can be obtained, attorney compensation, nature of claims and defenses, proposed distribution and opt out procedures. The Class Notice is drafted in a manner intended to conform to practice recommended by the NACA Class Guidelines. Barron Declaration, ¶9, filed herewith.

## VI
## PROPOSED SCHEDULE FOR REMAINING PROCEDURES

A Final Fairness Hearing is necessary so that the Court can determine whether to enter a Final Order approving the terms of the Settlement Agreement as fair, reasonable and adequate. The Class Notice contemplates and affords an opportunity for Class Members to opt-out or object, and at the same time provide for a fairness hearing to enable this Court to approve non-class benefits such as incentive award, legal fees, and *cy pres* provisions.

Based upon the Settlement Agreement, the parties suggest the following approximate timetable:

| 1. | Preliminary Approval Order Issued | October 20, 2014 |
|----|-----------------------------------|------------------|
| 2. | Class Notice to be mailed<br>(30 days after preliminary approval) | November 19, 2014<br>¶3.10 |
| 3. | Deadline for Exclusion from the class, Objections to the Settlement (45 days after notice mailed) | January 3, 2015<br>¶¶3.11, 3.12 |
| 4. | Final Approval Hearing | TBD at Preliminary Approval |
| 5. | Class Distribution (20 days after final judgment) | TBD at Preliminary Approval<br>¶¶2.10, 5.10 |

At the Final Approval hearing, Class Counsel will request implementation of the settlement

terms and provisions, a finding that the notice given to the class members satisfies the requirements

of due process and Federal Rules of Civil Procedure, Rule 23, an award of attorneys' fees and costs,

incentive award, designation of *cy pres* recipient to be awarded at the end of the distribution

process, and an order that this Court retain jurisdiction to enforce the provisions of the Settlement

Agreement should the need for further court involvement arise.

## VII
## CONCLUSION

WHEREFORE, the parties request that the Court conditionally certify the proposed

Settlement Class pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), grant

preliminary approval of the proposed Class Settlement Agreement, approve and order distribution

of the proposed Class Notice, and schedule a final approval hearing.

Dated:  September 16, 2014                         KEMNITZER, BARRON & KRIEG, LLP


By:      _____/s/_____

BRYAN KEMNITZER
NANCY BARRON

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement

PROOF OF SERVICE

Re:     *Vitrano v. Santander Consumer USA, et al.*
        **USDC-CD Cal Case No. 2:13-cv-02492-AB-MRW**
        **Los Angeles County Superior Court Case No. BC501682**

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On September 16, 2014, I served the following:

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF NANCY BARRON  IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF BRANDON A. BLOCK IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

(VIA ELECTRONIC CASE FILING)  I filed electronically the documents listed above, using the above-captioned Court's electronic case filing service.  Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 16, 2014

Sean R. Barry