```
KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER          Bar No. 066401
NANCY BARRON             Bar No. 099278
AMY TAY                  Bar No. 252600
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

TRUEBLOOD LAW FIRM
ALEXANDER B. TRUEBLOOD   Bar No. 150897
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA  90024
Telephone:  (310) 443- 4139
Facsimile:  (310) 943-2255

LAW OFFICES OF BRANDON A. BLOCK
BRANDON A. BLOCK         Bar No. 215888
433 North Camden Dr., Ste. 600
Beverly Hills, CA  90210
Telephone:  (310) 887-1440
Facsimile:  (310) 496-1420
```

Attorneys for Plaintiffs THOMAS AND BELINDA VITRANO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VITRANO; BELINDA VITRANO; individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SANTANDER CONSUMER USA, INC., and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No: 2:13-CV-02492-AB-MRW <br><br> <u>Class Action</u> <br><br> **DECLARATION OF ALEXANDER B. TRUEBLOOD IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL** <br><br> Date:  October 20, 2014 <br> Time:  10:00 a.m. <br> Courtroom 790 – Roybal <br> Hon. André Birotte Jr. <br><br> Trial Date:  February 17, 2015 |

DECL OF A TRUEBLOOD

I, Alexander B. Trueblood, declare as follows:

1. I am an attorney at law duly licensed to practice in all courts of the state of California. I have personal knowledge of the facts stated herein, and if called as a witness, would competently testify thereto. I am the attorney of record for the plaintiffs Thomas and Belinda Vitrano, along with Kemnitzer Barron & Krieg, LLP.

2. I am the principal of the Trueblood Law Firm, and am a specialist in consumer law. I graduated with honors from the University of California, Berkeley with a B.A. in English in 1984. I obtained my J.D. from UCLA Law School in 1990, and graduated with membership in the Order of the Coif. I was awarded two American Jurisprudence awards, for being first in my class, in the subjects of Legal Research and Writing, and Contracts. I was also Chief Comments Editor of the UCLA Environmental Law Journal.

3. I was admitted to the California Bar in 1990. I worked at the law firm of Morrison & Foerster LLP for the period 1990 through 1993 as an associate in the litigation department of the Los Angeles office. I worked on complex disputes between major corporations in the areas of patent law, antitrust, and insurance coverage. Subsequently, I joined the firm of Love & Bosserman, specialists in plaintiff's employment and discrimination cases, as an associate in 1993. Gordon Bosserman is the former managing partner of the Los Angeles office of Baker & Mackenzie. At Love & Bosserman, I handled a heavy caseload of contested wrongful termination, racial and gender discrimination, fraud, and unfair business practices cases.

4. In 1996, I began working for Chavez & Gertler, LLP in San Francisco, California, a nationally known plaintiff's consumer class action firm. Mark Chavez, one of the named partners, is on the Board of Directors of the National Association of Consumer Advocates, and the firm is recognized as a leader in consumer class actions and consumer law. Jonathan Gertler, the other partner, pioneered the first

1

products liability claims against major needle manufacturers, on behalf of health worker victims of AIDS needlestick injuries. At Chavez & Gertler, I specialized in consumer litigation practice on behalf of consumers, working on scores of consumer law cases, principally class actions, and private attorney general actions brought under Business & Professions Code § 17200. I handled several class action cases involving auto lease overcharges and abuses in force-placed insurance programs. In 1999, I was offered partnership at Chavez & Gertler, but ultimately decided to depart and form my own firm, the Trueblood Law Firm.

  5. Over the last 15 years, both with my previous employer and at the head of my own firm, I have been in the forefront in the plaintiffs' consumer bar in bringing class action claims against automobile finance companies. In particular, I have been involved on the plaintiffs' side in most of the class action litigation during that time alleging violations of the Rees-Levering Act post-repossession notice provisions. In 1998, I was one of the first lawyers in the state to identify and prosecute class action cases against automotive lenders who were not complying with the Rees-Levering Automobile Sales Finance Act, because their post-repossession notices ("NOI") failed to contain all of the disclosures required by Civil Code § 2983.2. Over the course of the next two years, I filed and was primarily responsible for approximately 40 class actions against almost every major lender (including Chrysler, Ford, Nissan, Toyota and GMAC) doing business in California, all of whom had failed to comply with the deficiency provisions of Rees-Levering. At this time, I would estimate I have litigated over 75 such cases. The resulting settlements have almost invariably resulted in full relief to class members. The National Association of Consumer Advocates has praised these settlements as a landmark in consumer advocacy.

  6. Some examples of major consumer cases I have litigated include:

  <u>Ramirez v. Toyota Motor Credit Company</u> (Alameda Superior Court), a national class action for Vehicle Leasing Act violations for

TMCC's failure to adequately disclose the capitalized cost in leases to consumers, in which TMCC's potential exposure was in the billions of dollars.

Vann v. Fireside Thrift (San Francisco Superior Court), a class action challenging the forced-place insurance practices of Fireside Thrift in connection with automobile loans, in which Fireside's liability was in the millions.

Mortera v. Ford Motor Credit Company (Santa Clara Superior Court), a class action brought to remedy Ford Credit's failure to provide post-repossession notices in compliance with the Rees-Levering Act, in which summary judgment was obtained and Ford Credit forced to pay a multi-million dollar settlement to class members.

Wong v. Triad Financial Corporation (Los Angeles Superior Court), a class action brought to obtain an injunction to stop Triad from impersonating police officers and making threats of arrest to tens of thousands of borrowers.

Paris v. Westlake Financial Services, Inc. (Los Angeles Superior Court), a protracted class action litigation concerning violations of the Automobile Sales Finance Act; the settlement resulted in full relief for the class.

Willoughby v. DT Credit Corp. (Los Angeles Superior Court), a class action brought to remedy violations of the post-repossession notice requirements of the Rees-Levering Act; settlement resulted in the lender waiving $100 million in deficiency balances of class members.

O'Neal v. Ford Motor Credit Company (San Diego Superior Court), also a Rees-Levering post-repossession notice class action, which settled with over $200 million in deficiency balance waiver benefits to class members, and several million dollars in restitution.

<u>Pryer v. DaimlerChrysler Financial Services, LLC</u> (Riverside Superior Court) another Rees-Levering post-repossession notice class action currently in the preliminary approval process, which settlement has resulted in several hundred million dollars in deficiency balance waivers and restitution available for class members.

<u>Bruno v. Capitol One</u> (Los Angeles Superior Court). A Rees-Levering post-repossession notice class action which settlement resulted in $189 million in deficiency balance waivers for class members, and 2.1 million in restitution.

<u>Gonzalez v. Fireside Bank</u> (Los Angeles Superior Court). A Rees-Levering post-repossession class action which settlement resulted in $298.6 million in deficiency balance waivers for class members, and has been finally approved by the court.

<u>Wimberly v. Triad Financial Corp.</u> (Orange County Superior Court). Also a Rees-Levering post-repossession notice case, which involved plaintiff's victories on contested class certification and summary judgment motions, and finally, a settlement which waived approximately $161 million in deficiency balances on behalf of over 16,000 class members.

7. I respectfully request that the Court appoint me as class co-counsel in this matter, and preliminarily approve the settlement in this matter. In my opinion, the settlement provides comprehensive relief to the class, and is fair, adequate, and reasonable.

Executed on September 17, 2014. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____/s/_____
Alexander B. Trueblood