UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS, individually, on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>SANTANDER CONSUMER USA, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants<br>_____/ | Case No. 2:13-cv-02492-AB-MRW<br><br>CLASS ACTION<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Date:  October 20, 2014**<br>**Time:  10:00 a.m.**<br>**Courtroom 790 (Roybal)**<br>**Hon. André Birotte Jr.** |

　　**THIS MATTER HAVING** come before this Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between Plaintiffs THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS, individually and on behalf of the proposed Settlement Class and Defendant SANTANDER CONSUMER USA, INC., and this Court having reviewed the Settlement Agreement and Release (the "Settlement Agreement") and attachments thereto, executed by the parties, and submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, and the parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED** this 20th day of October, 2014 as follows:

1.　　This Order of Preliminary Approval incorporates the Settlement Agreement, and the terms used in this Order shall have the meanings and/or definitions given to them in the

Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

For purposes of the Settlement, and conditioned upon the Settlement receiving final approval following the Final Approval Hearing and upon the occurrence of the Effective Date of Settlement, this Court hereby conditionally certifies a Settlement Class, defined as follows and subject to the stated exclusions below:

The phrase "Settlement Class" is defined as all consumers who:

(a) purchased a motor vehicle for use primarily for personal or family purposes and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §§2981, *et seq*.;

(b) whose motor vehicle was repossessed or voluntarily surrendered;

(c) who were issued a NOI by SANTANDER dated from July 1, 2011 through July 31, 2014, or to whom SANTANDER failed to provide an NOI within 60 days of repossession; and

(d) against whose account a deficiency balance was assessed.

The Settlement Class does not include: (1) any consumer whose deficiency balance was discharged by an order of a bankruptcy court; and (2) any consumer against whom Santander has obtained a deficiency judgment.

Without prejudice to Final Approval, the Settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. This Court specifically finds that the Settlement resulted from extensive arms-length negotiation, the Settlement is sufficient to warrant dissemination of notice of the Settlement and of the Final Approval Hearing on said Settlement, to the Settlement Class. This Court further finds that

Representative Plaintiffs and Class Counsel provisionally are found to fairly and adequately represent the interests of the Class and to satisfy the requirements to be representatives of and counsel to the Class, respectively.

2.     The Court therefore appoints Thomas Vitrano, Belinda Vitrano and John Santos as class representatives. Kemnitzer, Barron & Krieg, The Trueblood Law Firm, and The Law Offices of Brandon Block are appointed as class counsel

3.     A Final Approval Hearing shall be held on February 2, 2015 at 10:00 a.m. before the Honorable **André Birotte Jr.** in Courtroom 790 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA, 90012-3332, to consider:  (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) whether the Settlement should be finally approved by this Court; (c) the application of Class Counsel for an award of Attorneys' Fees and Expenses; (d) the application of a service award to the Class representatives; (e) designation of the *cy pres* recipient(s), conditioned upon the existences of a residue after distribution is complete; (f) and such other matters as this Court may deem proper and necessary.

4.     The court approves Heffler Claims Group as the Class Administrator, to perform the duties set forth in the proposed Settlement Agreement.

5.     The Notice of Proposed Class Action Settlement ("Class Notice") is attached to the Settlement Agreement as **Exhibit B** and is hereby approved for the purpose of notifying the Class as to the proposed Settlement, the Final Approval Hearing, and the rights of members of the Class. The Court finds that it is the best notice practical, and is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action and their right to participate in, object to, or exclude themselves from the Settlement.  This Court further finds that the Notice of Proposed Settlement Class Notice is sufficient notice of the Final Approval

Hearing, the Settlement, the application for attorneys' fees and expenses, service award, and other matters set forth therein, and that the Notice of Proposed Settlement fully satisfies the California Rules of Court and due process of law, to all persons entitled thereto.  Individual notice shall be sent by the Class Administrator, to each respective member of the Class via first class postage pre-paid U.S. Mail on or before thirty (30) days from the issuance of this Order of Preliminary Approval.  As set forth in the Settlement Agreement, Santander shall be responsible for all costs and expenses incurred in connection with disseminating the Class Notice.

6.Ten (10) days prior to the Final Approval Hearing, Class Administrator shall provide a declaration to the Court, with a copy to Class Counsel attesting to the measures undertaken to provide Notice to the members of the Settlement Class.

7.Any Settlement Class Member who intends to object to the fairness, reasonableness and adequacy of the Settlement must file a written Objection with the Class Administrator, Class Counsel, and Santander's Counsel at the addresses set forth below, postmarked not later than forty-five (45) days after the date the Class Notice is mailed to the Settlement Class.  Any Objector must set forth his/her full name, current address, dated signature, telephone number and the last four digits of his account number.  Objections must be served:

Upon the Class Administrator at:

Heffler Claims Group
1515 Market Street, Suite 1700
Philadelphia, PA 19102

Upon Santander's Counsel at:

REED SMITH LLP
Abraham J. Colman
Felicia Y. Yu
Raymond Y. Kim
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

Upon Class Counsel at:

KEMNITZER, BARRON & KRIEG
Bryan Kemnitzer
Nancy Barron
Amy Tay
445 Bush Street, 6th Floor
San Francisco, CA  94108
Telephone:     (415) 632-1900
Facsimile:     (415) 632-1901

8. Objectors must state in writing all Objections and the reasons thereto, and whether the Objector intends to appear at the Final Approval Hearing(s).  No Objector shall be entitled to be heard at the Final Approval Hearing, and no written objections or briefs submitted by an Objector shall be received or considered by this Court at the Final Approval Hearing, unless the Objector has fully complied with all terms and conditions set forth in the Notice of Proposed Settlement as approved herein.  If an Objection is overruled, the Objector will be bound by the terms of the Settlement and may not exclude himself or herself later.  Members of the Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

9. Members of the Settlement Class may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement.  Members of the Settlement Class who exclude themselves from the Settlement will not release their claims pursuant to the release set forth in the Settlement Agreement.  A Settlement Class member wishing to exclude himself or herself from the Settlement must fully comply with all terms and conditions set forth in the Class Notice approved herein and may use the form Request for Exclusion from Class Action Settlement sent with the Notice. Any member of the Settlement Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of

the Settlement Agreement and the Final Order and Judgment.

10. Any member of the Settlement Class who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

11. The Court shall hold a Final Approval Hearing in this matter on February 2, 2015. Class Counsel shall file their Motion for Final Approval and all supporting papers not later than sixteen (14) court days before the Final Approval Hearing. Should Santander's counsel file briefing in relation to Final Approval, such briefing shall be filed no later than ten (10) Court days before the Final Approval Hearing.

12. Class Counsel shall file their motion for award of attorneys' fees and costs at least ten (10) days prior to the deadline for Class Members to object to the Settlement Agreement.

13. In the event that (a) this Court does not finally approve the settlement substantially as provided in the Settlement Agreement; (b) this Court does not enter the Final Order and Judgment as provided in all material respects and substantial form set forth in the Settlement Agreement; or (c) the Settlement does not become final for any other reason; and if the Parties following reasonable efforts, do not agree in writing to modify the Settlement Agreement and the Settlement is not consummated, the Settlement Agreement shall be null and void and any order entered by this Court in furtherance of this settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and Santander shall have the right defend this lawsuit and to oppose certification of the Settlement Class or any other class at any future time.

14. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court

retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

15. The parties are directed to carry out their obligations under the Settlement Agreement.

16. Class Counsel shall serve a copy of this Order on all named parties or their counsel within five (5) days of receipt.

## Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Order approved by the Court | October 20, 2014 |
| 2. | Class Notice to be sent by Class Administrator (Settlement Agreement and Release ¶3.10) | November 19, 2014 (30 days after Preliminary Approval) |
| 3. | Motion for Attorneys' Fees and Costs filed by Class Counsel (Settlement Agreement and Release ¶4.02) | December 24, 2014 (10 days before date for exclusion and/or objection) |
| 4. | Exclusion from the Settlement Class postmarked by (Settlement Agreement and Release ¶3.11) | January 3, 2015 (45 days after mailing of Class Notice) |
| 5. | Objection to the Settlement postmarked by (Settlement Agreement and Release ¶3.12) | January 3, 2015 (45 days after mailing of Class Notice) |
| 6. | Motion for Final Approval filed by (Settlement Agreement and Release ¶4.01) | January 12, 2015 (14 Court days before Final Approval hearing) |
| 7. | Defendant's pleadings re: Final Approval (Preliminary Approval Order ¶11) | January 16, 2015 (10 court days before final approval) |
| 8. | Class Administrator's Compliance Declaration (Preliminary Approval Order ¶6) | January 16, 2015 (10 days before Final Approval Hearing) |
| 9. | Final Approval hearing | February 2, 2015 |
| 10. | Compliance Hearing | June 12, 2015 (130 days after Final Approval hearing) |

**SO ORDERED**

Dated: October 20, 2014

HON. ANDRÉ BIROTTE JR.

7