IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br>    vs. <br><br> SANTANDER CONSUMER USA, INC., <br><br> Defendants. <br><br> _____/ | **Case No. 2:13-cv-02492-AB-MRW** <br><br> CLASS ACTION <br><br> **[PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AND ENTERING FINAL JUDGMENT** <br><br> Unlimited Civil Case <br><br> **Date:  February 2, 2015** <br> **Time:  10:00 a.m.** <br> **Courtroom 790 (Roybal)** <br> **Hon. André Birotte Jr.** |

THIS MATTER HAVING came before the Court for a hearing on February 2, 2015 pursuant to the Motion for Final Approval, filed to determine whether the Settlement Agreement between the named Plaintiffs ("Plaintiffs"), THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS individually and on behalf of the proposed Settlement Class ("Class"), and Defendant SANTANDER CONSUMER USA, INC. is fair and reasonable, and should be approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and costs to be awarded, and for approval of all other matters contained therein.  Notice of the hearing, the Settlement and application for attorneys' fees and reimbursement of expenses having been given pursuant to the Settlement and as set forth in this Court's Preliminary

Approval Order of October 20, 2014; all persons present or represented at the hearing, who were entitled to be heard having been given an opportunity to be heard; counsel for the parties having appeared in support of the Settlement; and the Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court,

**IT IS ORDERED, ADJUDGED AND DECREED** on this _____day of _____, 2015, that:

1.      This Final Judgment incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

2.      This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class as that term is defined herein.

3.      This Court certifies this action, for settlement purposes only, as a Class Action.

4.      The following Settlement Class, provisionally certified by the Court in its Order dated October 20, 2014, is hereby certified under Federal Rule of Civil Procedure 23(c) and (e) for settlement purposes only, and is hereinafter referred to as the "Class":

The phrase "Settlement Class" is defined as all consumers:

(a) purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq*.;

(b) whose motor vehicle was repossessed or voluntarily surrendered;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c) who were issued a NOI by SANTANDER from July 1, 2011 to July 31, 2014

or to whom SANTANDER failed to  provide an NOI within 60 days of

repossession; and

(d) against whose account a deficiency balance was assessed.

Excluded from the Settlement Class are:  (a) persons who have had their
deficiency balances discharged by an order of a bankruptcy court; and (b) any
persons against whom Santander has obtained a deficiency judgment.

5.      This Court finds on the record before it that the Class meets the requirements for

class certification for settlement purposes as the Class is so numerous that joinder of all members

is impracticable.

6.      This Court finds on the record before it that the Class meets the requirement for

class certification for settlement purposes as questions of law or fact common to the issues to be

reviewed in connection with the Settlement predominate over the questions affecting only

individual members for the purpose of implementing the Settlement in accordance with the

Settlement Agreement.

7.      This Court finds on the record before it that the Class meets the requirement for

class certification for settlement purposes as Plaintiffs' claims are typical of the claims of the

Class as a whole.

8.      This Court finds on the record before it, that the Class meets the requirements for

class certification for settlement purposes as Plaintiffs and their Class Counsel have adequately

represented and will continue to adequately represent and protect the interests of the Class.

9.      This Court finds on the record before it that the Class is appropriate for

certification for settlement purposes as certification of the Class for settlement purposes is

superior to other available methods for the fair and efficient adjudication of the issues before this

Court at this time.  Manageability issues do not prevent certification here because there will be

1    no trial.

2         10.     The individual Notice of Class Action Settlement ("Class Notice") by mail, given

3    to each member of the Class at updated mailing addresses, constitutes the best notice practicable

4    and is in full compliance with the requirements of the Federal Rules of Civil Procedure and due

5    process of law.

6         11.     This Court finds that the Settlement and the Settlement Agreement and Release

7    ("Settlement Agreement") are the product of arm's length negotiations between the parties and

8

9    that the terms thereof are fair, reasonable, adequate, and in the best interests of the Class and are

10   therefore approved and incorporated herein by the Court.

11        12.     The Settlement and Settlement Agreement should be implemented and

12   consummated in accordance with the terms of the Settlement Agreement.  To the extent already

13   implemented by the parties, such implementation is hereby approved and ratified by the Court.

14        13.     SANTANDER, by operation of state law, shall not take any further steps to

15   collect any amounts purportedly owed by any consumer who:

16

17        (a) purchased a motor vehicle and, as part of that transaction, entered into an agreement
          subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981,
18        et seq.;

19        (b) whose motor vehicle was repossessed or voluntarily surrendered;

20        (c) who were issued a NOI by SANTANDER from July 1, 2011 to July 31, 2014 or to
          whom SANTANDER failed to  provide an NOI within 60 days of repossession; and

21        (d) against whose account a deficiency balance was assessed.

22        Excluded from the Settlement Class are:  (a) persons who have had their deficiency
          balances discharged by an order of a bankruptcy court; and (b) any persons against whom
23        Santander has obtained a deficiency judgment.

24        14.     Upon the date of Final Judgment, the Plaintiff and all Settlement Class Members

25   and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives

26

27   shall be deemed to have jointly and severally released and forever discharged SANTANDER

28   from any and all Released Claims as that term is defined in the Settlement Agreement.

15.     The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Class Members.  This Court hereby bars and enjoins: (i) all Class Members, and all persons acting on behalf of, or in concert or participation with such Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Class Member, based upon or asserting any of the Released Claims; and (ii) all Class Members, and all persons acting on behalf of or in concert or participation with such Class Members, from bringing a class action or seeking to certify a class which includes such Class Members, in any lawsuit based upon or asserting any of the Released Claims.

16.     Attached to this Judgment as **Exhibit 1** is a true and correct list of all Class Members who timely submitted Requests for Exclusion.  No Class Members, other than those listed in **Exhibit 1**, are excluded from the Class, or from the effect of this Judgment.

17.     It is expressly determined that there is no just reason for delay and the entry of this Judgment expressly is hereby directed.  In the event that this Judgment is appealed, its mandate will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

18.     This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

19.     Attorneys' fees and reimbursement of expenses to counsel for the Class in the amount of $350,000.00 is hereby approved as fair and reasonable and SANTANDER shall make such payments in accordance with the terms of the Settlement Agreement.

20.     A service award of $2,500.00 to each class representative is hereby approved as

1
2
fair and reasonable and SANTANDER shall make such payments in accordance with the terms of the Settlement Agreement.

3   21.   The Class Administrator will pay as *cy pres* the residue of any un-cashed checks
4   distributed, pursuant to the Settlement Agreement and Release to _____ and
5   _____, non-profit organizations consistent with California Code of Civil
6   Procedure §384.

7   22.   Any and all objections to the Settlement and the Settlement Agreement are
8   overruled as being without merit.
9

10   23.   In the event that the Settlement does not become effective in accordance with the
11   terms of the Settlement Agreement, then this Judgment shall be rendered null and void and be
12   vacated and the Settlement Agreement and all orders entered in connection therewith shall be
13   rendered null and void.
14

15   24.   The Parties are directed to carry out their obligations under the Settlement
16   Agreement.

17   25.   For purposes of this Class Settlement only, Santander is willing to acknowledge
18   and the Court finds that the NOI as prepared and sent to Settlement Class members did not
19   strictly comply with the requirements of Civil Code § 2983.2 pertaining to NOIs, and
20   SANTANDER is barred by operation of state law and Civil Code §2983.2 from collecting
21   deficiency balances from the Settlement Class on accounts that are subject to this Class
22   Settlement.
23

24   26.   Jurisdiction is hereby reserved by this Court to assure compliance with all terms
25   of this Settlement, in accordance with the Settlement Agreement and this Order. The Court
26   hereby sets a Compliance hearing date of ____, 2015.  Five (5) days prior thereto, the Class
27   Administrator shall file a declaration stating it has complied with all terms of the Settlement and
28

Proposed Final Order and Judgment
6

1    distribution is complete.

2          27.     Class Counsel shall serve a copy of this Order on all named parties or their

3    counsel within five (5) days of receipt.

4    **SO ORDERED**

5    Dated: _____, 2015

6                                                    _____
                                                     The Honorable **André Birotte Jr.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**EXHIBIT 1**

LIST OF CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

3
Mario A. Jones

4
Gonzalo V. Martinez

5
Azucena Mendez

6
Sandy My Nguyen

7
Deborah M. Green

8
Maria D. Cardenas

9
Gloria Saldivia

10
Daniela Mihai

11
Gregorio T. Izquierdo

12
Daniel Aragon

13
Roderick D. Williams

14
Karlina T. Jones

15
Sandra C. Cisneros

16
Sophia S. Amezquita

17
Angie T. Woods

18
Philbert Washington

19
Maximo Correa

20
Deserie Meza

21
Moe Sagoleh

22
Tina M. Corkern

23
Yong Ji

24
Dezirai T. Broussard

25
Alfredo A. Ramirez

26
Keith Y. Lopez

27

28

1   Jeffrey M. Edwards, Dec'd.
    c/o Reita Edwards, Exec.

2   Joseph T. Koch

3   Ronald L. Coleman

4   Titus E. Houston

5   Martha Samaniego

6   Hugo Samaniego

7   Helene Ackerman

8   Angelica Guillen

9   Lida Ko

10  Henry Daniels

11  Brenda Daniels

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28