1  KEMNITZER, BARRON, & KRIEG, LLP
   BRYAN KEMNITZER          Bar No. 066401
2  NANCY BARRON             Bar No. 099278
   ADAM J. McNEILE          Bar No. 280296
3  445 Bush St., 6th Floor
4  San Francisco, CA 94108
   Telephone: (415) 632-1900
5  Facsimile: (415) 632-1901
6
   Attorneys for Plaintiffs THOMAS VITRANO, BELINDA VITRANO, JOHN SANTOS and the
7  settlement class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants.<br>_____/ | Case No. 2:13-cv-02492-AB-MRW<br><br><u>CLASS ACTION</u><br><br>**STIPULATION REGARDING SANTANDER CONSUMER USA, INC.'S COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT AND FINAL ORDER**<br><br>Date: December 18, 2015<br>Time: 10:00 a.m.<br>Dept.: Courtroom 4 (Spring)<br>Hon. Andre Birotte Jr. |

1

STIPULATION REGARDING SANTANDER CONSUMER USA, INC.'S COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT AND FINAL ORDER

Thomas Vitrano, Belinda Vitrano, and John Santos, individually, and on behalf of the Settlement Class (collectively, "Plaintiffs"), by and through its undersigned counsel of record, on the one hand, and Santander Consumer USA, Inc. ("Santander"), on the other hand, hereby stipulate and agree that the settlement agreement and release entered into by and between Plaintiffs and Santander shall be supplemented as set forth below (the "Supplemental Agreement"):

**RECITALS**

A. As of September 16, 2014 ("Execution Date"), Santander, on the one hand, and Plaintiffs, on the other hand, executed a Settlement Agreement and Release (the "Settlement Agreement").[1]

B. On October 20, 2014, the Court entered an order preliminarily approving the Settlement Agreement [Dkt. No. 56].

C. On January 12, 2015, Plaintiffs filed their *Motion for Final Approval of Class Action Settlement* [Dkt. No. 75], which the Court was scheduled to hear on February 2, 2015.

D. Following the hearing on final approval, on February 18, 2015, the Court issued its *Order Granting Motion for Final Approval of Class Action Settlement* [Dkt. No. 86] of February 18, 2015 (the "Final Order").

E. Pursuant to the terms of the Settlement Agreement, Santander was required, among other things, to (1) cease collections on Settlement Class members' deficiency accounts immediately upon the signing of the Settlement Agreement (Settlement Agreement, ¶ 3.03); and (2) transfer 60% of the total amount that Settlement Class members had paid towards their deficiency balances to an account held by the Class Administrator within 15 business days of Final Approval (Settlement Agreement, ¶ 5.02).

F. Pursuant to the terms of the Final Order, the Court, among other things, (1) directed the Parties to implement the terms of the Settlement Agreement (Final Order, ¶ 12); and (2) enjoined Santander, by operation of state law, from taking any further steps to collect any alleged

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

deficiency balance from any Settlement Class member (Final Order, ¶ 13).

G.      Following discovery and Santander's internal investigation, Santander determined that, due to an internal coding error, it had (1) underreported at the time of preliminary approval the amount of deficiency balances it or third party debt collectors acting on its behalf collected by $585,364.54; (2) collected, either itself or through third party debt collectors after September 16, 2014, $287,296.02; (3) did not report in the original class data set $22,816.54 collected by purchasers of Santander accounts since July 1, 2011; and (4) contacted Settlement Class members after September 16, 2014 (collectively, the "Contact Members") by sending (i) 62 "Settlement Offer Agreement" letters; (ii) 514 "Explanation and Calculation of Surplus or Deficiency" letters; and (iii) 7,355 emails offering to settle deficiency balances.[2]  A chart setting forth the amounts collected pre- and post-Execution Date by Santander, third-party debt collectors, and purchasers of accounts, together with the appropriate amounts that shall be refunded to Settlement Class members, is below:

|  | Pre-Execution Date | Post-Execution Date | Totals |
|---|---|---|---|
| Santander | $1,121,171.64 | $239,635.28 | $1,360,806.92 |
| Outside Debt Collectors | $192,953.22 | $47,660.74 | $240,613.96 |
| Purchasers of Accounts | N/A | $22,816.54 | $22,816.54 |
| **Total Collected** | **$1,314,124.86** | **$310,112.56** | **$1,624,237.42** |
| Previously Reported Amount Collected | $728,760.32[3] | N/A | N/A |
| Underreported Amount | $585,364.54 | N/A | N/A |
| **Total to be Refunded**[4] | **$351,218.72**[5] | **$310,112.56**[6] | **$661,331.28** |

H.      Santander represents that it has complied with the terms of the Settlement Agreement and

---

[2] At the time of preliminary approval, Santander included certain customers on the list of class members, who therefore received notice of the Settlement Agreement, but who were later determined not to be class members. The parties have referred to those customers as "Non-Class Members."  To the extent it is determined that any "Non-Class Member" is also a Contact Member, such customer will not be considered as a Contact Member.

[3] In the Declaration of Wayne Nightengale dated August 29, 2014 and attached as Exhibit 2 to the Declaration of Nancy Barron in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Santander had initially determined that the amount of deficiency balances collected from Settlement Class members was $712,778.00. However, Santander later determined that this number was $728,760.32. Accordingly, Santander wired $437,256.19 to the Class Administrator, which represents sixty percent of $728,760.32.  This is confirmed by the Declaration of Wayne Nightengale, dated July 13, 2015, which was filed with the Court (Document No. 94 at ¶ 8).

[4] This does not include the amount that Santander had previously refunded.

[5] This consists of 60% of the underreported amount collected pre-settlement.

[6] This consists 100% of the amount collected post-settlement.

Final Order except as set forth herein and that upon completion of Santander's obligations as set forth herein, Santander will have fully complied with the terms of the Settlement Agreement and Final Order.

I. The Parties subsequently met and conferred and have agreed as follows:

## **AGREEMENT**

1. <u>Recitals</u>. The Recitals set forth above are hereby incorporated in and made a part of this Stipulation by this reference.

2. <u>Class Administrator</u>. Pursuant to the Court's Order granting Preliminary Approval of Class Action Settlement dated October 20, 2014, Santander retained Heffler Claims Group as Class Administrator to administer the terms of the Settlement Agreement. The Class Administrator will administer the supplemental notices and disbursements as provided in this Supplemental Agreement. Santander shall pay all costs and expenses of the Class Administrator.

3. <u>Refund Payments to Settlement Class Members; Notice; Refund Distribution</u>.

    3.1. To the extent it has not already done so, Santander shall remit a total of $661,331.28 to the Class Administrator for payment to Settlement Class members as follows: (i) each Settlement Class member who paid towards their alleged deficiency balance to Santander, a third party debt collector, or an entity that purchased a Settlement Classmembers' deficiency balance prior to September 16, 2014 but did not previously receive the full 60% refund to which they were entitled pursuant to the Settlement shall receive a check in the amount required so that they receive the full amount to which they were entitled; and (ii) each Settlement Class member who paid towards their alleged deficiency balance to Santander, a third party debt collector, or an entity that purchased a Settlement Class member's deficiency balance on or after September 16, 2014 shall receive 100% of the amount they paid (collectively, the "Refund Members").

    3.2. Santander shall provide to the Class Administrator a spreadsheet indicating the specific amounts that each Refund Member shall receive together with each Refund Member's last-known address.

3.3. Attached hereto as **Exhibit A** is the notice the Class Administrator shall send to each Refund Member (the "Refund Notice"). Within 30 days of entry of the order approving this Supplemental Agreement or such other time as the Court may order, the Class Administrator shall send the Refund Notice, together with the check the Refund Member is supposed to receive, by first-class mail to all Refund Members. Before mailing the Refund Notice and refund check, the Class Administrator shall obtain confirmation of addresses for each Refund Member included in the spreadsheet provided by Santander and shall update the addresses contained therein. If any Refund Notices and refund checks are returned by the Postal Service, they will be re-mailed if additional address information is provided by the Postal Service or available via a public records search.

4. Notice to Contact Members.

    4.1. Santander shall provide to the Class Administrator a spreadsheet containing each Contact Member's last-known address.

    4.2. Attached hereto as **Exhibit B** is the notice the Class Administrator shall send to each Contact Member (the "Contact Notice"). Within 30 days of entry of the order approving this Supplemental Agreement, or such other time as the Court may order, the Class Administrator shall send the Contact Notice by first-class mail to all Contact Members. Before mailing the Contact Notice, the Class Administrator shall obtain confirmation of addresses for each Contact Member included in the spreadsheet provided by Santander and shall update the addresses contained therein. If any Contact Notices are returned by the Postal Service, they will be re-mailed if additional address information is provided by the Postal Service or available via a public records search.

5. Service Awards. Subject to approval by the Court, within thirty (30) days of entry of the order approving this Supplemental Agreement, Santander agrees to pay $1,500 to the Settlement Class members listed below for their service to the Settlement Class in contacting Class Counsel and providing information regarding Santander's compliance with the Settlement Agreement. These Settlement Class members are as follows: (1) Estella Conway;

(2) Martin Hurtado; (3) Richard Marshall; (4) Maria Martinez; (5) Guadalupe Navarro; (6) Joanna Navarro; (7) Alfonso Vasquez; (8) Dominic Villan; (9) Belinda Vitrano; (10) Thomas Vitrano; (11) James Nixon; and (12) Monica Cruz. The Service Awards shall be paid in a lump sum of $18,000, payable to the client trust account of Kemnitzer, Barron & Krieg, LLP, for which Santander will be provided with an executed form W-9.

6. <u>Residue</u>. The residue of any uncashed checks is to be distributed pursuant to § 5.07 of the Settlement Agreement. A check shall be deemed uncashed if it remains uncashed 90 days after its issuance.

7. <u>Class Counsel's Attorneys' Fees and Costs</u>. Subject to approval by the Court, within thirty (30) days of entry of the order approving this Supplemental Agreement, Santander agrees to pay Class Counsel, Kemnitzer, Barron & Krieg, LLP, the total sum of $175,000 for attorneys' fees, costs, and expenses incurred by Class Counsel post-settlement. Class Counsel will provide an executed form W-9.

8. <u>Compliance Hearing; Compliance Declaration</u>. The Parties agree that the Court shall schedule a compliance hearing for six months following the entry of the order approving this Supplemental Agreement. Ten court days prior to the compliance hearing, or as otherwise ordered by the Court, Santander shall file and serve on Class Counsel a declaration under penalty of perjury pursuant to the laws of the State of California establishing that Santander has complied with the terms of this Supplemental Agreement as well as the Settlement Agreement and Final Order.

9. <u>Supplement to Settlement Agreement and Final Order</u>. This Stipulation does not replace the Settlement Agreement or Final Order. Instead, it supplements those documents and is meant to be read in conjunction with those documents.

*[Signatures on following page.]*

1  SO STIPULATED.

2  Dated: December 16, 2015             KEMNITZER, BARRON & KRIEG, LLP

4                                  By:  /s/ Bryan Kemnitzer

5                                       BRYAN KEMNITZER
6                                       Attorneys for Plaintiffs Thomas Vitrano, Belinda
                                        Vitrano, John Santos, and the putative class

8
9  Dated: December 17, 2015             REED SMITH LLP

11                                 By:  _____
                                        SCOTT H. JACOBS
12                                      Attorneys for Defendant
                                        Santander Consumer USA, Inc.

15 Dated: December 17, 2015             SANTANDER CONSUMER USA, INC.

17                                 By:  _____
                                        WAYNE NIGHTENGALE
18                                      Executive Vice President of
                                        Servicing

7

STIPULATION REGARDING SANTANDER CONSUMER USA, INC.'S COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT AND FINAL ORDER