NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VITRANO, BELINDA VITRANO, and JOHN SANTOS individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; and DOES 1 through 50, inclusive,<br><br>        Defendants.<br><br>        Defendants, | **Case No. 2:13-cv-02492-AB-MRW**<br><br>CLASS ACTION<br><br>**AMENDED ORDER REGARDING SANTANDER CONSUMER USA, INC.'S COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT AND FINAL ORDER**<br><br>Date: December 18, 2015<br>Time: 10:00 a.m.<br>Dept.: Courtroom 4 (Spring)<br>Hon. André Birotte Jr. |

THIS MATTER HAVING come before the Court for a hearing on December 18, 2015 regarding the compliance of Santander Consumer USA, Inc. ("Santander") with the terms of the Settlement Agreement and Release (the "Settlement Agreement")[1] entered into by and between Thomas Vitrano, Belinda Vitrano, and John Santos, individually, and on behalf of the Settlement Class (collectively, "Plaintiffs"), on the one hand, and Santander, on the other hand, as of September 16, 2014 and this Court's *Order Granting Motion for Final Approval of Class Action Settlement* [Dkt. No. 86] of February 18, 2015 (the "Final Order"), and having reviewed the *Stipulation Regarding Santander Consumer USA, Inc.'s Compliance with Terms of Settlement Agreement and Final Order* (the "Supplemental Agreement") entered into by and between Plaintiffs, on the one hand, and Santander, on the other hand, the Court hereby finds and orders as follows:

**FACTUAL FINDINGS**

A. On September 16, 2014, Santander, on the one hand, and Plaintiffs, on the other hand, entered into the Settlement Agreement.

B. On October 20, 2014, the Court entered an order preliminarily approving the Settlement [Dkt. No. 56].

C. On January 12, 2015, Plaintiffs filed their *Motion for Final Approval of Class Action Settlement* [Dkt. No. 75], which the Court was scheduled to hear on February 2, 2015.

D. Following the hearing on final approval, on February 18, 2015, the Court issued its Final Order.

E. Pursuant to the terms of the Settlement Agreement, Santander was required, among other things, to (1) cease collections on Settlement Class members' deficiency accounts immediately upon the signing of the Settlement Agreement (Settlement Agreement, ¶ 3.03); and (2) transfer sixty percent (60%) of the total amount that Settlement Class members had paid toward their deficiency balances to an account held by the Class Administrator within fifteen (15) business

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

1  days of Final Approval (Settlement Agreement, ¶ 5.02).

2  F.     Pursuant to the terms of the Final Order, the Court, among other things, (1) directed the
3  Parties to implement the terms of the Settlement Agreement (Final Order, ¶ 12); and (2) enjoined
4  Santander, by operation of state law, from taking any further steps to collect any alleged
5  deficiency balance from any Settlement Class member (Final Order, ¶ 13).

6  G.     Following discovery and Santander's internal investigation, Santander determined that,
7  due to an internal coding error, it had (1) underreported at the time of preliminary approval the
8  amount it or third party debt collectors acting on its behalf by $585,364.54; (2) collected, either
9  itself or through third party debt collectors after September 16, 2014,, $287,296.02; (3) did not
10 report in the original class data set $22,816.54 collected by purchasers of Santander accounts
11 since July 1, 2011; and (4) contacted Settlement Class members after September 16, 2014
12 (collectively, the "Contact Members") by sending (i) 62 "Settlement Offer Agreement" letters;
13 (ii) 514 "Explanation and Calculation of Surplus or Deficiency" letters; and (iii) 7,355 emails
14 offering to settle deficiency balances.[2]

15 H.     A chart setting forth the amounts collected pre- and post-settlement by Santander, third-
16 party debt collectors, and purchasers of accounts, together with the appropriate amounts that
17 shall be refunded to Settlement Class members, is below:

|  | Pre-Execution Date | Post-Execution Date | Totals |
|---|---|---|---|
| Santander | $1,121,171.64 | $239,635.28 | $1,360,806.92 |
| Outside Debt Collectors | $192,953.22 | $47,660.74 | $240,613.96 |
| Purchasers of Accounts | N/A | $22,816.54 | $22,816.54 |
| **Total Collected** | **$1,314,124.86** | **$310,112.56** | **$1,624,237.42** |
| Previously Reported Amount Collected | $728,760.32[3] | N/A | N/A |

---

[2] At the time of preliminary approval, Santander included certain customers on the list of class members, who therefore received notice of the Settlement Agreement, but who were later determined not to be class members. The parties have referred to those customers as "Non-Class Members." To the extent it is determined that any "Non-Class Member" is also a Contact Member, such customer will not be considered as a Contact Member.

[3] In the Declaration of Wayne Nightengale dated August 29, 2014 and attached as Exhibit 2 to the Declaration of Nancy Barron in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Santander had initially determined that the amount of deficiency balances collected from Settlement Class members was $712,778.00. However, Santander later determined that this number was $728,760.32. Accordingly, Santander wired $437,256.19 to the Class Administrator, which represents sixty percent of $728,760.32. This is confirmed by the Declaration of Wayne Nightengale, dated July 13, 2015, which was filed with the Court (Document No. 94 at ¶ 8).

| Underreported Amount | $585,364.54 | N/A | N/A |
|---|---|---|---|
| **Total to be Refunded**[4] | **$351,218.72**[5] | **$310,112.56**[6] | **$661,331.28** |

I. Santander represents that it has complied with the terms of the Settlement Agreement and Final Order except as set forth herein and that upon completion of Santander's obligations as set forth herein, Santander will have fully complied with the terms of the Settlement Agreement and Final Order.

J. The Parties subsequently worked to resolve Santander's compliance issues and agreed as set forth in the Compliance Stipulation.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** on this 8 day of January, 2016, that:

1. The Supplemental Agreement is approved in its entirety.

2. <u>Class Administrator</u>. Pursuant to the Court's Order granting Preliminary Approval of Class Action Settlement dated October 20, 2014, Santander retained Heffler Claims Group as Class Administrator to administer the terms of the Settlement Agreement. The Class Administrator will administer the supplemental notices and disbursements as provided in this Supplemental Agreement. Santander shall pay all costs and expenses of the Class Administrator.

3. <u>Restitution Payments to Settlement Class Members; Notice; Restitution Distribution</u>.

    3.1. To the extent it has not already done so, Santander shall remit a total of $661,331.28 to the Class Administrator for payment to Settlement Class members as follows: (i) each Settlement Class member who paid towards their alleged deficiency balance to Santander or a third party debt collector prior to September 16, 2014 but did not previously receive the full 60% refund to which they were entitled pursuant to the Settlement shall receive a check in the amount required so that they receive the full amount to which they were entitled; and (ii) each Settlement Class member who paid towards their alleged deficiency balance to Santander or a third party debt collector or an

---

[4] This does not include the amount that Santander had previously refunded.
[5] This consists of 60% of the underreported amount collected pre-settlement.
[6] This consists 100% of the amount collected post-settlement.

4

ORDER REGARDING SANTANDER CONSUMER USA, INC.'S COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT AND FINAL ORDER

      entity that purchased a Settlement Class member's deficiency balance on or after September 16, 2014 shall receive 100% of the amount they paid (collectively, the "Refund Members").

  3.2. Santander shall provide to the Class Administrator a spreadsheet indicating the specific amounts that each Refund Member shall receive together with each Refund Member's last-known address.

  3.3. Attached hereto as **Exhibit A** is the notice the Class Administrator shall send to each Refund Member (the "Refund Notice"). Within 30 days of entry of this Order, or such other time as the Court may order, the Class Administrator shall send the Refund Notice, together with the check the Refund Member is supposed to receive, by first-class mail to all Refund Members. Before mailing the Refund Notice and refund check, the Class Administrator shall obtain confirmation of addresses for each Refund Member included in the spreadsheet provided by Santander and shall update the addresses contained therein. If any Refund Notices and restitution checks are returned by the Postal Service, they will be re-mailed if additional address information is provided by the Postal Service or available via a public records search.

4. <u>Notice to Contact Members</u>.

  4.1. Santander shall provide to the Class Administrator a spreadsheet containing each Contact Member's last-known address.

  4.2. Attached hereto as **Exhibit B** is the notice the Class Administrator shall send to each Contact Member (the "Contact Notice"). Within 30 days of entry of this Order, or such other time as the Court may order, the Class Administrator shall send the Contact Notice by first-class mail to all Contact Members. Before mailing the Contact Notice, the Class Administrator shall obtain confirmation of addresses for each Contact Member included in the spreadsheet provided by Santander and shall update the addresses contained therein. If any Contact Notices are returned by the Postal Service, they will be re-mailed if additional address information is provided by the Postal Service or available via a

public records search.

5. <u>Service Awards</u>. Santander shall pay within 30 days of entry of this Order $1,500 to the Settlement Class members listed below for their service to the Settlement Class in contacting Class Counsel and providing information regarding Santander's compliance with the Settlement Agreement. These Settlement Class members are as follows: (1) Estella Conway; (2) Martin Hurtado; (3) Richard Marshall; (4) Maria Martinez; (5) Guadalupe Navarro; (6) Joanna Navarro; (7) Alfonso Vasquez; (8) Dominic Villan; (9) Belinda Vitrano; (10) Thomas Vitrano; (11) James Nixon; and (12) Monica Cruz. The Service Awards shall be paid in a lump sum of $18,000, payable to the client trust account of Kemnitzer, Barron & Krieg, LLP, for which Santander will be provided with an executed form W-9.

6. <u>Residue</u>. The residue of any uncashed checks distributed pursuant to the Supplemental Agreement is to be distributed pursuant to § 5.07 of the Settlement Agreement. A check shall be deemed uncashed if it remains uncashed 90 days after issuance.

7. <u>Class Counsel's Attorneys' Fees and Costs</u>. Santander shall pay Class Counsel within 30 days of entry of this Order the sum of $175,000 in attorneys' fees, costs, and expenses that Class Counsel incurred post-settlement.

8. <u>Compliance Hearing; Compliance Declaration</u>. A compliance hearing regarding Santander's compliance with the Supplemental Agreement and this Order is scheduled for **May 16, 2016 at 10:00 a.m.** Ten court days prior to the compliance hearing, Santander shall file and serve on Class Counsel a declaration under penalty of perjury pursuant to the laws of the State of California establishing that Santander has complied with the terms of this Supplemental Agreement and this Order as well as the Settlement Agreement and Final Order.

9. Class Counsel shall serve a copy of this Compliance Order on all named parties or their counsel within five (5) days of receipt.

**IT SO ORDERED.**

Dated: January 8, 2016

The Honorable André Birotte Jr.